THE PEOPLE OF THE TERRITORY OF UTAH, Ex
  REL. WILLIAM J. PACE, APPELLANT, *v.* JAMES
  D. VAN TASSEL, RESPONDENT.

JUSTICE OF THE PEACE — REQUIRING DEPOSIT OF JURY FEES—
MANDAMUS.

1. Comp. Laws Utah 1876, § 1091, was not repealed by the Code
   of Civil Procedure of 1884; and a justice of the peace should
   require a party demanding a jury to deposit the fees to
   which they may be entitled.

2. If a justice of the peace refuses to try   case of which he has
   jurisdiction, because the plaintiff refuses to deposit the fees
   of the jurors summoned at the instance of the defendant, a
   writ of mandate will issue to compel him to try it, though
   he may have entered a judgment of dismissal.

(No. 643.   Decided Feb. 3, 1896.   43 P. R. 625.)

Appeal from the district court of the First judicial
district, Territory of Utah. Hon. W. H. KING, *Judge.*

Application for *mandamus* by the people, on relation
of William J. Pace, against James Van Tassel. De-
murrer to petition sustained and relator appeals. *Re-
versed.*

*Wilson I. Snyder* and *Bismarck Snyder,* for appellant.

If *mandamus* is not proper, there is no adequate
remedy.   *State* v. *Brumley,* 53 Mo. App. 126.   See also
the House case, 4 Utah 369.

*Mandamus* will sometimes control a discretion, and
compel an inferior court to act in a particular way, and
in just such case as this.   *Wood* v. *Strother,* 76 Cal.

545; 9 Am. St. Rep. 249; *Burgtorf* v. *Bentley*, 41 Pac. 163; *King* v. *Justices of West Riding*, 5 Barn. and Adol. 667.

*Mandamus* is especially proper where the subject to be controlled is merely preliminary. Cases above and cases cited in *Wood* v. *Strother*. See especially, *Castello* v. *St. Louis Cir. Ct.*, 28 Mo. 274; *State ex rel. Keane* v. *Murphy*, 19 Nev. 89.

This is a case of concurrent remedy, and *mandamus* is proper. Pom. Eq. Jur. §§ 132, 133, 139, 173, 176, 216; Laws Rem. § 4032; Shortt Ex. Rem. pp. 342-344; Ib. 310, 311, 312; House case, *supra; Cavenaugh* v. *Wright*, 2 Nev. 166.

*Mandamus* is proper to compel the exercise of jurisdiction. Shortt Ex. Rem. p. 112; Ib. 133; *Brown* v. *Mining Co.* (Mich.), 63 N. W. 1000; *Same* v. *Min. Co.*, Ib.; *Same* v. *Houghton Circuit Judge*, Ib.; *Town of Haywards* v. *Pimentel*, 40 Pac. 545; 2 Comp. Laws Utah 1888, p. 387, § 3730 *et seq.*

And there is nothing in the Hills case, 5 Utah 410, which really overrules the House case or militates against the views taken herein. The universal trend of opinion is that it is not sufficient that there is a remedy by appeal; that remedy must be adequate. House case, *supra.*

And the mere attempt on the part of the justice to say that the case was dismissed, will not strip the court of its general supervisory power. But it will authorize it to see that proper justice is done in the premises. 2 Comp. Laws Utah 1888, p. 197, § 3026, sub. div. 9.

*Wm. Buys* and *Warner & Knight*, for respondent.

*Mandamus* will not be issued where there is any other specific, speedy, and adequate remedy. *Crandall* v. *Amador County*, 20 Cal. 72; *People* v. *Olds*, 3 Cal. 175.

The writ will not be issued where there is any other adequate or specific remedy, or where the party has a plain, speedy, and adequate remedy by an ordinary action at law, nor where the statute provides a plain, speedy, and adequate remedy. *People* v. *Hubbard,* 22 Cal. 34; *People* v. *McLane,* 62 Cal. 616. See *Ducheneau* v. *Ireland,* 5 Utah 108; *People* v. *Hill,* 5 Utah 410.

"Where the act to be done is judicial in its character, the writ will not direct in what manner the inferior court shall act." *People* v. *Weston,* 28 Cal. 640; *Hoole* v. *Kinkead,* 16 Nev. 218.

The justice has already decided the question, and *mandamus* will not be issued to compel the judge of a court to decide contrary to his own judgment, nor to compel a court to review its judgment. *United States* v. *Lawrence,* 3 Dall. 42; *Ex parte Hoyt,* 13 Pet. 661; *Jacob* v. *Board of Supervision,* 100 Cal. 121.

The office of a writ of *mandamus* is to compel the performance of an act which the law specially enjoins, and not to undo an act already done. *Maxwell* v. *Burton,* 2 Utah 595; High on Extra. Leg. Rem. § 152, p. 126; §§ 153-4, p. 127; §§ 155-6, p. 128; § 159, p. 130; § 182, p. 144; and § 272, p. 197; also Am. & Eng. Enc. of Law, vol. 14, pp. 108-9-10-11-12, *et seq.,* and notes.

But it is unnecessary to go outside of our own courts, as this question has been decided fully by the supreme court. *Ducheneau* v. *House,* 4 Utah 363-483, and 11 Pac. R. 618; *Hamilton* v. *Speirs,* 2 Utah 225; *Saunders* v. *Nursery Co.,* 6 Utah 431; *Chamberlain* v. *Warburton,* 1 Utah 267; and *Maxwell* v. *Burton,* 2 Utah 595.

As appellant was a non-resident of the county in which the said justice court was held, respondent was entitled to a dismissal of the action unless appellant made a deposit of money, or gave an undertaking for the payment of costs adjudged against him. See Comp. Laws 1888, section 3628.

Zane, C. J.:

This is an appeal by the relator from a judgment of the district court denying his petition for a writ of mandate. He assigns as error the ruling of the court sustaining a demurrer to his petition on the ground that it did not state facts sufficient to constitute a cause of action. It appears from the petition that the plaintiff advanced $10, the sum demanded, and commenced suit against one Parley Neely in the court of which the respondent was justice, and of which the justice had jurisdiction; that a jury was summoned at the request of the defendant in the case; that before commencing the trial the justice, on motion of defendant, ordered the plaintiff to deposit the fees of the jury; that he declined to do so, and insisted upon a trial; that the justice refused to try the case, and dismissed it against plaintiff's protest. This statement presents for our consideration and decision the question, was the justice authorized to require the plaintiff to pay the fees of the jury summoned upon the demand of the defendant in the case? Comp. Laws Utah 1876, § 1091, provides that "before any party before a justice is entitled to a jury, the party demanding the jury shall deposit the fees to which they will be entitled, and the same shall be included in the judgment as part of the costs to be received if adjudged against the party who did not advance them." This section made it the duty of the magistrate, before issuing the venire, to require the party demanding the jury to advance their fees. It did not authorize him to require the opposite party to pay them before trial. But the defendant insists that the foregoing section was repealed by section 817 of the Code of Civil Procedure, approved March 13, 1884 (being section 3628 of the Compiled Laws of Utah 1888), viz.: "Justices of the peace may in all cases require a deposit of money, or an undertaking as security for costs,

before issuing summons." The relator complied with this section by depositing the sum demanded by the justice, which was more than should have been demanded. The Code of Civil Procedure makes no provision for the advancement of jury fees by either party, when one is summoned. Section 14, same Code (section 2998, Comp. Laws 1888), declares that "no statute, law or rule, is continued in force because it is consistent with the provisions of this Code on the same subject; but in all cases provided for by this Code, all statutes, laws and rules, heretofore in force in this territory, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated." This section declares that the provisions of the Code do not continue in force provisions of a former law on the same subject, and that provisions of existing laws are repealed, so far as the Code makes provision on the same subject, unless expressly continued in force. While the section of the Code referred to authorizes the justice to require a deposit of money or an undertaking before issuing summons, it makes no provisions for the payment in the first instance of jury fees by the plaintiff, when the jury is demanded by the defendant. If, upon a continuance, or upon trial, costs should be taxed against plaintiff, the jury fees should be included. We have also been referred to section 1288 of the same Code (section 3982, Comp. Laws 1888), viz.: "All acts, and parts of acts, in contravention of this Code are hereby repealed." We have already seen that section 1091 is not repugnant to the Code of Civil Procedure. The justice should have required the party demanding the jury to advance the fees. He had no right to refuse to try the case because the plaintiff would not deposit them. It was the plain duty of the justice to try the case, and he had no legal right arbitrarily to refuse to do so.

The respondent insists that the writ of mandate could not issue, because the plaintiff might have appealed from the order of dismissal. Comp. Laws 1888, § 3731, provides that "this writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." For causes of action within the jurisdiction of a justice of the peace, that court furnishes a more speedy, simple, inexpensive, and convenient remedy than the district court. Such courts are especially convenient and inexpensive for parties residing in precincts remote from the place of holding the district court. Upon such considerations, justices' courts are provided in the various precincts of the county, and any person having a cause of action within a justice's jurisdiction, against a resident of his precinct, may have it tried in a justice's court therein, unless removed in pursuance of law; and such justice has no discretion to refuse such trial without reason sufficient in law.

We are of the opinion that the court below erred in sustaining the demurrer to the relator's petition. The judgment appealed from is reversed, and the cause is remanded, with directions to the district court to set aside the order sustaining the demurrer to the petition and alternative writ, and to overrule said demurrer. Costs are awarded against the respondent.

BARTCH and MINER, JJ., concur.