## LEONA COATES CROOKS,[1] PLAINTIFF, v. THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF UTAH, IN AND FOR UTAH COUNTY, AND JOHN E. BOOTH, JUDGE THEREOF, DEFENDANTS.

CERTIORARI — WHEN WILL NOT LIE — ACTION COMMENCED IN JUSTICE'S COURT — POWER OF SUPREME COURT, — UNDER CONST., ART. 8, SEC. 9.

Under the provisions of Art. 8, Sec 9, of the constitution, the decision of a district court, on appeal from a judgment of a justice of the peace, is final, whether it be on a motion to dismiss, or on the merits of the cause, and the supreme court has no power to review such decision either by appeal or by *certiorari*.

BASKIN, J., dissenting.[2]

(Decided Dec. 6, 1899.)

Original application for a writ of *certiorari* to review the action of the Fourth Judicial District Court in dismissing a certain appeal. *Writ Denied.*

*Grant C. Bagley, Esq.,* and *Messrs. King, Burton & King,* for petitioner.

It is argued that Sec. 9, of Art. 8, of our constitution, prohibits the supreme court from reviewing any action of the district, no matter how wrongful, illegal, or arbitrary, if it concerns matters arising in justice's courts. We deny this proposition, but concede that with reference to those matters properly before the district court, from the lower court, and of which it has jurisdiction, its action, when conformable to law and the regular procedure, is final.

---

[1] See *Eureka City* v. *Wilson*, 15 Utah, 53
[2] See *State* v. *Hart*, 19 Utah, 438.

Sec. 4, of Art. 8, of the Constitution of Utah, gives to the supreme court original jurisdiction to issue writs of *certiorari*.

This provision must be construed in connection with the other section of the constitution just referred to.

In the case of *Allen* v. *Levee Coms.* (57 Miss., 167) where the statute provided that a tribunal having judicial functions, " shall render their verdict and inquisition in writing, and such verdict shall be final between the parties," the court stated that " we do not regard this provision as prohibiting *certiorari*, but only as preventing a reinvestigation of the facts upon the writ." *People* v. *Stedman*, 57 Hun., 284; *Soller* v. *Brown*, 67 Mich., 422.

*Messrs. Williams, Van Cott & Sutherland*, and *Jacob Evans, Esq.*, for defendants.

Sec. 9 of Art., constitution of Utah, provides that " appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts, on both questions of law and fact, with such limitations and restrictions as shall be provided by law, and the decisions of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

It is clear that this case does not involve the validity or constitutionality of a statute. It will be conceded by the petitioner — indeed it is alleged in the petition — that no appeal will lie from the decision of the district court in this case. It seems clear that this court has no power to review such decision by means of any other proceeding. The language of the constitution is definite and clear. It is that the decisions of the district courts on such appeals shall be final. This language, by the express provision of the constitution, is to be regarded as man-

datory. Art. 1, Sec. 26; *State* v. *Superior Court*, 36 Pac. (Wash.), 27.

BARTCH, C. J.

This is an application, original in this court, of the plaintiff for a writ of *certiorari* to review the action of the Fourth Judicial District Court, in dismissing an appeal. A writ was issued *ex parte*, and the matter has been submitted for decision.

Among other things, it appears from the petition that the Chipman Mercantile Company brought an action against the plaintiff herein and James Crooks, before a justice of the peace. After trial, the justice entered judgment against the defendants. Thereupon the plaintiff herein appealed from that judgment to the district court, and the Mercantile Company challenged her standing in that court, by a motion to dismiss, on the ground that the appeal was not taken in time as required by law. The court decided that the motion was well taken, and dismissed the appeal. The case is before us on a demurrer to the petition and a motion to quash, filed by the defendants herein, upon two grounds: "First, that it appears by the petition that the said court and the said judge have regularly pursued the authority and acted within the jurisdiction thereof. Second, that this court has no jurisdiction to issue the said writ, nor to hear or determine the same."

The decisive question presented is whether this court has power to review, on *certiorari*, a decision or judgment of a district court made in a case which was appealed from a justice's court, where neither the validity nor constitutionality of a statute is involved.

Counsel for the defendants insist that, under the provision of the constitution, the decision of the district

court, in the present case, was final, and that this court has no jurisdiction to review it. We are inclined to the opinion that this position is well founded.

Section 9, Art. 8, Const. of Utah, so far as material here provides: "Appeals shall also lie from the final judgments of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

The language of this provision is clear and explicit, and there would seem to be little room for interpretation. It says the "decision of the district courts on such appeals," that is, on appeals from justices of the peace, "shall be final," unless the validity or constitutionality of a statute is involved. The sovereignty has thus in language which can not be mistaken, denied the right of appeal to the supreme court from the decision of a district court in every case brought in and appealed from a justice's court, unless a statutory question, under the exception contained in the provision, is involved. The only contingency, then, which will permit a review in this court on appeal in such a case is the statutory question. We so held in *Eureka City* v. *Wilson*, 15 Utah, 53, and referring to the reasons which actuated the framers of the constitution in denying the right of appeal in such cases, as the one here under consideration, it was there said: "Under the territorial form of government, appeals were allowed from all final decisions of the district courts to the supreme court, and questions of both law and fact were reviewed; and whether a case was originally brought before a justice of the peace, or in the district court, was immaterial. 1 Comp. Laws Utah, p. 57. This practice made it possi-

ble to appeal any case, no matter how insignificant the amount of the judgment, or how totally without merit the appeal or the cause of the appellant. It had a tendency to encourage profitless litigation, and consume the time of the appellate court without just cause. Such practice was in vogue when the constitution was framed, and we must assume that the framers of that instrument were familiar with current history, and that they had knowledge of the practice and its effect. When, therefore, contrary to the former practice, the framers of the constitution provided that the ' decision of the district courts ' on appeals from judgments of justices of the peace ' shall be final, except in cases involving the validity or constitutionality of a statute,' their evident object and intention were to obviate the evil to which the practice then existing was subject, and yet provide a way by which statutory and constitutional questions which might arise in such cases could be reviewed by the appellate court."

What was then said in that case respecting a review by appeal, applies with equal force to this case where the review is sought on *certiorari.* The framers of the constitution having, therefore, for potent reasons, as appears, changed the former practice by denying a review in such cases by appeal, how can it be contended that they intended to grant practically the same thing by *certiorari?* Or how can it be successfully contended that this court can do a thing, by the use of the writ, which we are prohibited from doing, by appeal ? Evidently in the case at bar the same object is sought to be accomplished by the use of the writ of review, as would have been accomplished, under the former practice, upon appeal. That object is to secure a reversal of the decision of the lower court. Whether this would be accomplished by *certiorari* or appeal, the result would be precisely the same. Since,

therefore, a provision of the fundamental law prohibits the obtaining of a reversal in such a case by appeal, would not this court render that provision a nullity by permitting the same thing to be obtained by *certiorari ?*

The clause of the constitution under consideration is mandatory and prohibitory by express provision of the same instrument. Sec. 26, Art. 1, Const.

Evidently the intention of the constitution makers was to constitute the district courts the courts of last resort in all cases brought in and appealed from justice's courts, save such as fall within the exception of the provision above quoted, whether their decision be right or wrong. Therefore a review of a decision of a district court upon an appeal from a justice of the peace, by the writ of *certiorari*, would violate the positive mandate of the constitution just as effectually as would a review by appeal.

We are aware of no constitutional provision, exactly like the one here under consideration, in the constitution of any other State, nor have we been cited to any. However, a question very like the one herein discussed, has been before the supreme court of the State of Washington, under a constitutional provision somewhat similar to ours. It is found in Sec. 4, Art. 4, Const., Wash., and provides that the supreme court shall have "appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money, or personal property, when the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars ($200), unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

Referring to this provision, in *State* v. *Superior Court*, 8 Wash., 271, Mr. Chief Justice Dunbar, speaking for the

court, said: "But the original amount in controversy in this case does not exceed the sum of two hundred dollars, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. Hence, there can be no appeal under the provisions of Sec. 4, Art. 4, of the constitution of the State of Washington, and to allow the relator to obtain a reversal of the judgment through the medium of *certiorari*, which he could not obtain by appeal, would be to render nugatory the provision of the constitution above quoted."

This decision was followed in *Warner* v. *Cowie*, 15 Wash., 696.

There is nothing to show that the appeal was dismissed arbitrarily or without due consideration, and we must, therefore, in view of the record, assume that the court exercised its best judgment upon the question whether or not the appeal was taken in time. Nor is this a case where the court had no jurisdiction of the person and subject matter of the suit, or where it appears on the face of the petition that it had no such jurisdiction. Hence having had jurisdiction of the cause, it had jurisdiction for all matters necessary to the final disposition of the case, including that of hearing and determining the motion to dismiss the appeal from the justice of the peace, upon the evidence before it. On this point the supreme court of California, in *Buckley* v. *Superior Court*, 96 Cal. 119, speaking through Mr. Justice Garroutte, said: "In the matter now before us it is apparent that the court had jurisdiction of the subject matter, and of the persons; all the parties were before the court; the appeal was regularly taken ; and we are at a loss to understand why the court had not the same jurisdiction to hear a motion to dismiss the appeal as it had to proceed to a trial of the cause upon its merits." *History Company* v. *Light*, 97 Cal., 56.

It seems clear that, under our constitution, the decision of a district court on appeal, in a case like the one at bar, is final, whether it be on a motion to dismiss, or on the merits of the cause, and that this court has no power to review its decision in such a case either by appeal or by writ of review.

The writ must, therefore, be quashed and denied. It is so ordered.

MINER, J., concurs.

BASKIN, J., dissenting.

The objection upon which the appeal was dismissed by the district court is that the appeal was not taken in time. This form of the objection is nothing more or less than a statement that no appeal at all had been taken from the final judgment of the justice of the peace. The plaintiff's application for the writ of *certiorari* is based upon the claim that an appeal to the district court had in fact been perfected.

The opinion of my associates is silent on the question of whether the plaintiff had in fact perfected an appeal. The writ was refused, solely, on the ground that the judgment of the district court in dismissing the appeal, under the provisions of Sec. 9, Art. 8, of the constitution, is final, and in no manner subject to review by this court. To this I can not assent.

The right of appeal from the final judgments of justices of the peace to the district court, is guaranteed by Sec. 9, Art. 8, of the constitution, and when such an appeal is perfected by the necessary steps required by the statute relating to appeals, under the provisions of the constitution, the appellant had a vested right to have the case reviewed in the appellate court.

If the plaintiff's appeal was actually perfected, the dis-

trict court thereby became vested with jurisdiction to review the case, and the law imposed upon the court the duty of exercising its jurisdiction; and it could not escape the performance of that duty by its erroneous refusal to entertain jurisdiction of the case, and by such erroneous decision deprive the appellant of her constitutional rights of appeal.

The language of the constitution relied on in the majority opinion is as follows : "The decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

By this language, only, the decisions of the district court on such appeals are final. In the case at bar the district court held that there was no appeal, and on that ground refused to entertain jurisdiction of the case.

The decision refusing to entertain jurisdiction to review the case on the ground that there was no appeal, from the nature of the case could not be a decision on the appeal. It therefore follows that only those decisions of the district courts are final which are rendered in the case after an appeal has been perfected, and the court acquires jurisdiction to review the same. In this case, if the plaintiff's appeal was perfected, the decision of the district court to the contrary, deprived the appellant of a constitutional right, and the district court, by refusing to review the case upon its merits, failed to perform a duty imposed by law, and this court has the power, under Sec. 4, Art. 8, of the constitution, which provides that "the supreme court shall have original jurisdiction to issue writs of *mandamus*, *certiorari*, etc.," to enforce the performance of that duty by writ of *mandamus*.

The respective offices of the writ of *certiorari* and *mandamus* are properly stated in Secs. 3630 and 3641, Rev. Stat. 1898. The former writ is applicable "when an

inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor in the judgment of the court or judge, any plain, speedy, and adequate remedy."

The office of the writ of *mandamus* "is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

I do not think that the power granted by the constitution to this court to issue these writs is limited by the clause of Sec. 9, Art. 8, which makes the decisions of the district courts, on appeals from the final judgments of justices of the peace, final; but in every instance where an inferior court exceeds its jurisdiction, and no other adequate remedy exists, the writ of *certiorari* will lie, and where an inferior court refuses to perform any duty imposed by law, and no other edequate remedy exists, *mandamus* will lie.

On an application for either of these writs, from the necessity of the case, we are the sole and final judges whether or not the inferior court has exceeded its jurisdiction or refused to perform a duty imposed by law. The decision of these matters by the inferior court, from the nature and purpose of these constitutional writs, can not be final, and the remedy by these writs still exists. *Medlin* v. *Taylor, J.*, 101 Ala., 241.

If there was in fact an appeal taken by plaintiff there can be no doubt but that the law, in that event, imposed upon the district court the duty of reviewing the case.

I am unable to reconcile the decision of my associates with the case of the *State* v. *Hart*, recently decided by us and reported in 19 Utah, 438; 57 Pac. Rep., 415. The following is a quotation from the decision in that case, to wit:

"In Merrill on *Mandamus*, Sec. 203, it is said that when a court refuses to try a case, erroneously deciding that it has no jurisdiction, it will be compelled by writ of *mandamus* to assume jurisdiction, and proceed with the case. It is now well established that when an inferior court has refused to entertain jurisdiction on some matter preliminary to a decision of a case before it on the merits, or refuses to act when the law requires it to act, or where, having obtained jurisdiction in a case it refuses to proceed in due exercise thereof, a writ of *mandamus* is a fitting and proper remedy to set such court in motion, and to speed the trial of a case, so as to reach the proper end, and when no action below was had on its merits; but such writ will not lie to an inferior court to correct alleged errors occurring in the exercise of its judicial discretion. *Reg.* v. *Justices of Middlesex*, 2 Q. B. Div., 516; *Ex parte* Parker, 120 U. S., 737; 7 Sup. Ct., 767; *Brown* v. *Buck*, 75 Mich., 274, 42 N. W. 827; *Avery* v. *Superior Court Contra Costa Co.*, 57 Cal., 247; *Ex parte* Jordan, 94 U. S., 248; *Ex parte* Trapnall, 6 Ark. 9; *State* v. *Knight*, 46 Mo., 83; *Ex parte* Schollerberger, 96 U. S., 369; *People* v. *Van Tassel*, 13 Utah, 9; 43 Pac. Rep., 625; *People* v. *Scate*, 3 Scam., 351; Merrill, Mand. Secs. 203, 204; High Extr. Leg. Rem., Secs. 150, 251. We are of the opinion that the district court erred in its holding that it had no authority or jurisdiction to empanel a jury of 12 men to try the case. In refusing to act in the premises, the plaintiff was left without any plain, speedy, or adequate remedy in the ordinary course of law, and the writ of *mandamus* was a proper remedy." See also Hollon Barker, Petitioner, 131 U. S., 221; *State ex rel.* v. *Phillips*, 97 Mo., 331.

The adjudicated cases quoted in the above decision fully sustain the text of Merrill, and announce the doctrine which I have endeavored to maintain.

From the decision of the district court the plaintiff was without any remedy by appeal, and had no other remedy except by the writ of *mandamus*.