## JESSE M. SMITH, Plaintiff, v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT et al., Defendants.

### No. 1333.    (66 Pac. 1065.)

District Court: Jurisdiction: Appeal From Justices of the Peace: Dismissal: Review by Certiorari: Constitutional Law.

Under Constitution, article 8, section 9, providing that appeals shall lie from the final judgment of a justice to the district court, and that the decision of the district court shall be final, except in cases involving the constitutionality of a statute, the action of a district court in dismissing a case appealed from a justice for want of prosecution was final, and not subject to review.[1] (BASKIN, J., dissenting.)

(Decided December 11, 1901.)

The plaintiff brought an action against a railroad company wherein he recovered judgment. The company appealed to the district court and thereafter the case was dismissed for want of prosecution. Upon the application of the plaintiff, a writ of certiorari was issued from this court. Demurrer to the petition and motion to quash the writ sustained.

WRIT DENIED.

*Ray Van Cott, Esq.,* for plaintiff.

*Messrs. Bennett, Howat, Sutherland & Van Cott* for defendants.

---

[1]Crooks v. District Court, 21 Utah 98; 59 Pac. 529; Hansen v. Anderson, 21 Utah 286, 61 Pac. 219,—overruled.

Smith v. District Court, Second Dist.

PER CURIAM.—The plaintiff in this proceeding brought an action against the railroad company in the justice court of Davis county, wherein judgment was rendered in his favor. The defendant then appealed to the district court, and thereafter, said plaintiff not being prepared to proceed with the trial, the case was dismissed for want of prosecution. Thereupon a writ of certiorari was issued from this court upon the application of said plaintiff, who claimed that said district court had exceeded its jurisdiction in dismissing said case. To the petition the defendant filed its demurrer, and a motion to quash the writ on the grounds that upon the face of the petition the district court had regularly performed its authority, that this court had no jurisdiction in the matter, and that the petition does not state facts sufficient to justify the issuing of the writ. The defendants now claim that under section 9, article 8, of the Constitution of this State, the action of the district court was final, and not subject to review in any form whatever by the Supreme Court; that in cases commenced in a justice court the right of appeal exists to the district court, but that from the decision of that court no appeal lies to this court to review such determination. The article referred to reads as follows: "Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

The right of appeal exists only by virtue of the Constitution or statute allowing it, and, as there must be an end to litigation somewhere, it was doubtless the intention of the framers of the Constitution to limit the right, in cases originating in justices' courts, to the district court, and thereby throw protection around that class of litigants, and save them from the vexation, delay, and expense usually attending ap-

peals from judgments in trivial cases to the higher courts. Such restrictions, when thrown around appeals, apply equally to any other procedure instituted to review any decision or determination of a court in a case commenced in a justice court and which could be reconsidered by appeal if appeals were permissible. The decision and determination of the district court in a case appealed from a justice court is by the Constitution, therefore, made final, except in cases where the validity or constitutionality of a statute is in question. In Crooks v. District Court, 21 Utah 98, 59 Pac. 529, this court held that under section 9, article 8, of the Constitution, the decision of a district court on appeal from a judgment of a justice of the peace is final, whether it be on motion to dismiss or on the merits of the case, and the Supreme Court has no power to review such decision either by appeal, certiorari, or writ of review. To this decision we adhere. In so far as the decision of this court in Hansen v. Anderson, 21 Utah 286, 61 Pac. 219, conflicts with this opinion, or that rendered in Crooks v. District Court, supra, it is hereby overruled.

The demurrer to the petition and motion to quash the writ are sustained, with costs. It is so ordered.

BASKIN, J. (dissenting).—Section 9, article 8, of the Constitution, should be read in connection with section 4, article 8, which confers upon this court original jurisdiction to issue certain writs, among which is the writ of certiorari. The office of this writ is to keep inferior judicatories within the bounds of their jurisdiction. 4 Ency. Pl. and Prac., 10. I do not think that section 9, article 8, limits the scope of this writ, but that it was intended to make final only such judgments upon the merits as the district court, in cases appealed from justices' courts, has jurisdiction to make, and that upon an application for this writ this court, from the nature of the proceedings, must decide whether the inferior tribunal had jurisdiction. Under the decision of my associates, if there has

been an entire want of jurisdiction of the subject-matter involved in an action appealed from a justice's court to the district court, the abuse could not be corrected. Such a result was not intended by the framers of the Constitution. In my dissenting opinion in Crooks v. District Court, 21 Utah 105, 59 Pac. 529, my objections are fully stated, and the authorities supporting the same cited. The case of Hansen v. Anderson, 21 Utah 286, 61 Pac. 219, is in direct conflict with this one; and, in my opinion, the decision in that case is correct, and should not be overruled.