HOWARD STORY v. BERNARD H. WALKER, PROSECUTOR.

Submitted March 17, 1904—Decided June 13, 1904.

1. In a landlord and tenant proceeding under the statute, the following description of the premises demanded, viz., "A house and lot and premises of which Bernard Walker is now in possession, known as No. 155 West Broad street, situate in the city of Burlington, in the county of Burlington"—*Held,* sufficient.

2. In a landlord and tenant proceeding under the statute the defendant demanded a *venire,* but refused to pay for or guarantee the costs thereof; whereupon the justice refused to summon a jury, and proceeded to hear the case without a jury, against defendant's objection. *Held,* on the authority of *Clayton* v. *Clark,* 26 *Vroom* 539, and *Mackenzie* v. *Gilbert,* 40 *Id.* 184, that the justice lost jurisdiction by refusing the demand for trial by jury.

On *certiorari.*

Before Justices HENDRICKSON and PITNEY.

For the plaintiff, *Franklin C. Woolman.*

For the defendant, *Ernest Watts.*

The opinion of the court was delivered by

PITNEY, J. This was a landlord and tenant proceeding had before a justice of the peace, resulting in a determination in favor of the plaintiff, upon which a warrant was issued

pursuant to the statute. Reversal is sought for errors affecting the jurisdiction. The proceeding was commenced after the approval of the supplement of 1903 of the Landlord and Tenant act (*Pamph. L., p.* 26), which took effect immediately, and which seems to be intended as a substitute for sections 11, &c., of the revised act of 1874. *Gen. Stat., pp.* 1918, 1922, 1923, &c.

The proceeding was commenced by the filing of an affidavit, of which the portions pertinent to the present controversy are as follows:

"Howard Story maketh oath and saith that Bernard Walker is now in the possession of a certain house and lot (for which deponent is the agent) known as No. 155 West Broad street, in the city of Burlington, in said county, upon an agreement made between deponent and the said Bernard Walker, on or about the eighth day of December, A. D. nineteen hundred and two, whereby deponent let and rented the demised premises to said Bernard Walker, to hold the same from the eighth day of December, A. D. nineteen hundred and two, and from month to month thereafter, at a regular monthly rental, and that a half month's rent became due and payable on the eighth day of June, A. D. nineteen hundred and three, amounting to six dollars, and that the said Bernard Walker made default of the payment thereof; and this deponent demanded the said rent from the said Bernard Walker in writing signed by deponent, which writing is hereto annexed and made a part hereof; * * * that said rent, or any part thereof, has not been paid, and that the said Bernard Walker holds over and continues in possession of said demised premises without the permission of deponent or anyone in authority."

Thereupon the summons was issued in the following form: "Summon Bernard Walker, in possession of a certain house and lot and premises known as 155 West Broad street, situate in the city of Burlington, in said county, forthwith to remove from the same or to show cause before the subscriber, one of the justices of the peace of said county [specifying the place and time of appearance], why possession of said premises should not be delivered to Howard Story, claiming the same."

The record shows that upon the service and return of the summons the defendant filed a demand in writing for a *venire,* but specifically refused to pay for and guarantee the costs thereof, whereupon the justice refused to summon a jury. · It also appears from the record that the defendant, in due season, moved to dismiss the cause, upon the grounds that are now relied upon for reversal. This motion was overruled and the cause then proceeded to trial before the justice, without a jury, resulting as above mentioned.

Reversal is sought—

*First.* Because the affidavit and summons, respectively, contain an insufficient description of the demised premises. The purpose of the description is to inform the defendant of the premises claimed, and to enable the officer to deliver possession to the landlord, if he prevails. In passing upon the present objection we must, of course, assume the descriptive terms used in the complaint and summons to be true in fact; the only question being as to their legal sufficiency to point out the premises demanded.

The descriptive terms, therefore, are "a house and lot and premises, of which Bernard Walker is now in possession, known as No. 155 West Broad street, situate in the city of Burlington, in the county of Burlington." The reputed name of a house or parcel of land has repeatedly been held sufficient for purposes of identification in an action of ejectment. And where, as here, the reputed name serves to identify with precision its location, and there is the added statement that it is the same house and lot of which the defendant is at the time in possession, all difficulty seems to be at an end. In *Palmer* ads. *Sanders,* 22 *Vroom* 408, Justice Scudder said: "If the farm has a name by which it is commonly known, it is sufficient to describe it by that name in the summons, stating the holding or possession of the defendant. An action of ejectment may be maintained for land by its reputed name." See, also, *Newing* v. *Stilwell,* 38 *Id.* 96, and cases cited. In *Claphan* v. *Barber,* 20 *Dick. Ch. Rep.* 550, Vice Chancellor Reed held that a similar description was

sufficiently specific for the purposes of a written memorandum for sale of lands.

*Secondly.* It is insisted that the justice lost jurisdiction by refusing defendant's demand for a trial by jury because of his refusal to pay for or guarantee the costs thereof. Upon this point we seem to be concluded by the previous decisions of this court in *Clayton* v. *Clark,* 26 *Vroom* 539, and *Mackenzie* v. *Gilbert,* 40 *Id.* 184. In the former case the court passed by, without deciding them, the broad constitutional question whether the legislature, by increasing the jurisdiction of inferior tribunals, may hamper the right of trial by jury with conditions that affect its usefulness, and the narrower question whether the legislature may constitutionally require that the party demanding the jury shall advance the expenses of the *venire.* The decision was based upon the absence of any legislative provision found in the act relative to the District Court (in which court that case originated) requiring the defendant, on demanding a trial by jury, to prepay the expenses of the *venire.* It was held that if such a requirement exists it must be by force of statutory provision. It is true that the case there presented was one where the matter in dispute exceeded the sum of $200, and the reasoning of the court was in part based upon the fact that the plaintiff chooses the tribunal in which he will bring his suit, and that when the amount of his claim is above $200 he has from which to select the Supreme Court, the Circuit Court and the Court of Common Pleas, in all of which a common law trial by jury is provided at public expense. But the same reasoning would seem to apply to suits involving less than $200, for such action may be brought by the plaintiff in either of the superior courts mentioned, subject only to being debarred from recovering his costs in some cases, if the debt or damages recovered fall below a certain limit. The legislature has recently amended the District Court act by prescribing that unless the party demanding the jury shall at the time of making such demand pay the costs of the *venire,* the demand of trial by jury shall be deemed to be waived; but that the judge may, in his discretion, grant a *venire* at

the expense of the plaintiff, to be taxed in the costs of suit. *Pamph. L.* 1903, *p.* 505.

In Mackenzie *v.* Gilbert, a judgment in the court for the trial of small causes was under review, and was likewise reversed on the ground that the defendant had demanded a jury, refusing at the same time to pay for the same, whereupon the trial court refused to call a jury. It was held that as there is no provision in the act constituting the small cause courts making prepayment of the costs of a jury a prerequisite to the right of trial by jury, the justice had lost jurisdiction.

In the Landlord and Tenant act there is no provision requiring the defendant to prepay the costs of the *venire* on demanding a trial by jury. In this respect the act is not different from the District Court act and the Justice Court act, under which the cases just cited arose. The defendant here contends that the reasoning of Clayton *v.* Clark is entirely applicable to a proceeding before the justice under the Landlord and Tenant act, because the plaintiff has his choice of tribunals; he may bring an ordinary common law action of ejectment. The plaintiff, on the other hand, contends that under the Landlord and Tenant act the defendant has the choice of tribunals, since he may apply to a justice of the Supreme Court, who, if he deem the case of sufficient importance, may transfer the cause to the Circuit Court, to be there tried by jury. This, we think, is not an adequate answer to the applicancy of Clayton *v.* Clark as a precedent. And this for two reasons—*first,* because the removal is not a matter of right, but is discretionary with the justice of the Supreme Court (*Gen. Stat.; p.* 1919, § 20; *Pamph. L.* 1903, *p.* 29, § 8); and *secondly,* because if the case be transferred to the Circuit Court it is to be tried at the end of one week, unless postponed for cause; and unless the day of trial happened to fall during one of the stated trial terms of the Circuit Court, it would seem to be necessary for one of the parties to the cause to advance the cost of the jury, unless the jurymen saw fit to serve without compensation, for the Jury act provides for a general panel, to be paid out of the public funds

only for causes triable during the term. *Gen. Stat., p.* 1854, § 50; *Id., p.* 1848, § 15; *Id., p.* 1850, § 27. We must therefore treat Clayton *v.* Clark as an authority in point.

The argument in support of the justice's action in refusing to summon a jury at the instance of a party who at the same time refuses to prepay the costs thereof, is to the effect that it requires no express statutory provision to justify that course of procedure; that the statute (*Gen. Stat., p.* 1919, § 19) entitles the justice, constable and jurors to the same fees as are provided for like services by the act constituting courts for the trial of small causes; that all fees are by necessary intendment payable, in the first instance, by the party invoking the services of the justice, constable and jurors in the particular instance, there being no privity between those officials and the opposite party in the cause; that on general legal principles, in this as in other matters, he who requires services to be performed, like him who buys goods, must pay for the same in advance, unless credit be expressly agreed upon or provided for; that prepayment of costs, if seasonably demanded, is a condition precedent of the right to invoke the services in question; that in this respect the demand of a *venire* is like the demand for the issuance of any other writ which, according to the common law phrase, is "purchased" by a party litigant; that the right to make defence, like the right to prosecute an action at law, has always been subject to the burden of paying (and, if required, prepaying) the reasonable fees and charges incurred thereby; that it costs no more to pay in advance than to pay after the services are performed, and that it is unreasonable to attribute to the legislature an intent to put justices, constables and jurors to the delay and risk of litigation for the recovery of the moderate fees that are allowed to them by law; that the right of trial by jury, as granted by the constitution, does not include the right to have jurors serve without compensation, or to be paid out of the public funds; that the imposition of the jury costs upon a defendant who demands that mode of trial is no more onerous to him than is the like imposition upon the plaintiff where he demands a trial by jury; that as a

general rule the whole costs are in the end paid by the
defeated party; and that as a practical matter the payment
of the small costs of a jury trial in one of the inferior courts,
with the attendant advantage of a speedy disposition of the
controversy, is often less burdensome than a delay of several
months while awaiting trial in the higher courts, the aggre-
gate cost of litigation in those courts being far greater,
although the jury fees are paid by the public.

In support of these arguments, and others to the like effect,
our attention is called to the cases cited in *Clayton* v. *Clark,*
26 *Vroom* (at *pp.* 540, 541), and also to the following deci-
sions:   *Conneau* v. *Guise,* 73 *Cal.* 176;  2 *Am. Rep.* 785;
*Bank of Lassen* v. *Sherer,* 108 *Cal.* 516;  *Adams* v. *Corriston,*
7 *Minn.* 461;  *Rollings* v. *Nolling,* 53 *Id.* 232;  *Vennine* v.
*Archbold,* 3 *Colo.* 165;  *People* v. *Van Tassel,* 13 *Utah* 13,
and also to 7 *Am. & Eng. Encycl. L.* (*2d ed.*) 1107.

It is sufficient to say that the above arguments, however
forcible, will more properly be addressed to the Court of
Errors and Appeals.   In this court we feel bound by the
decisions of Clayton *v.* Clark and Mackenzie *v.* Gilbert,
already cited.

The final ground on which reversal of the judgment under
review is prayed is that the action is brought in the name
of an agent, and not of the landlord, and without disclosing
the name of the landlord.   The statute prescribes that the
affidavit may be made by the landlord or lessor, his legal
representatives, agents or assigns.   *Gen. Stat., p.* 1918, §
12; *Pamph. L.* 1903, *p.* 27, § 2.   Where the affiant is agent
for another who is the landlord or lessor, it is obviously
essential that the principal shall be named as plaintiff in
the proceeding.   The party lawfully entitled to recover pos-
session must be made the plaintiff in order that he may be
bound by the result, or may be held liable in an action of
trespass for any unlawful proceedings under the act.   *Gen.
Stat., p.* 1919, § 18.   But our examination of the affidavit
on which the present proceeding is founded convinces us that
in legal intendment the affiant is in truth the lessor and
landlord within the meaning of the act.   The only mention

of agency is parenthetical, and is in connection with the mention of the premises demanded, and not in connection with the ownership of those premises. The affidavit expressly states that the agreement of letting was "made between deponent and the said Bernard Walker [the defendant], whereby deponent let and rented the said demised premises to said Bernard Walker." Upon the whole, the affidavit shows that Walker took possession of the premises under lease from Story, so that the legal right to demand and recover possession is in Story. The reference to the property as "a certain house and lot (for which deponent is the agent)" may indicate that in making the lease Story acted as trustee for others equitably entitled, but it does not destroy the *status* of Story as landlord for all purposes of a court of law.

For reasons above mentioned, however, the judgment must be reversed.