DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1911.

---

LAMBURTUS C. BOBBINK AND FREDERICK L. ATKINS, PARTNERS, &c., PLAINTIFFS IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued December 6, 1911—Decided March 5, 1912.

1. A clause in a bill of lading exempting the carrier from liability for loss or damage caused by fire does not relieve it from liability for negligence.
2. In an action to recover for the loss of goods destroyed while in the possession of a carrier under a bill of lading containing an exemption of liability for loss by fire, the evidence examined and *held* sufficient to warrant an inference of negligence—(*a*) in shipping the particular goods upon open cars, rather than in box cars, and (*b*) in failing to keep the spark-arresting screen upon one of defendant's locomotives in a proper condition.
3. The bill of lading having been issued by the Hoboken Railroad Company in the name and for the account of the Erie Railroad Company, it was *held* upon all the evidence to be a permissible inference that the former company was authorized to act and did act as agent for the latter company in the shipment.
4. The responsibility of a carrier of goods does not terminate until after the consignee has had a reasonable time within which to remove the goods.
5. A carrier of goods holding them as warehouseman is responsible for damage to the goods attributable to its negligence.

(547)

On error to the Supreme Court.

For the plaintiff in error, *John M. Gardner* (of the New York bar) and *William D. Tyndall.*

For the defendant in error; *Collins & Corbin.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.   This writ of error was sued out to review a judgment entered in the Supreme Court upon a verdict directed in favor of defendant at the trial of the cause.   The action was brought to recover damages for fire resulting in the destruction of certain flowers and shrubs that had been imported from Holland by plaintiffs in error, and which, at the time of the fire, were upon open cars of the defendant standing upon a railroad siding upon its line at Rutherford, New Jersey, awaiting delivery to the plaintiffs. Plaintiffs claim the right to recover upon two grounds, viz., *first,* that the defendant negligently loaded the trees and shrubs (wrapped, as they were, in straw and burlaps) upon open cars, instead of placing them in box cars; and *secondly,* that the defendant negligently permitted sparks to escape from one of its locomotive engines, whereby the fire in question was started.   The verdict was directed upon the ground that by the contract expressed in the bill of lading it was agreed that the company should not be liable for damage caused by fire, and that there was no proof to show that the fire was in any way due to the negligence of the defendant.

The bill of lading does contain an exemption of liability for loss or damage caused by fire; and it is conceded by plaintiffs' counsel that for this reason it was incumbent upon them to show negligence on the part of the carrier; while, on the other hand, it is conceded that the clause in the bill of lading does not relieve the carrier from liability for negligence.   *Atkinson* v. *New York Transfer Co.,* 47 *Vroom* 608; *Johnson* v. *West Jersey, &c., Railroad Co.,* 49 *Id.* 529, and cases cited.

There was evidence from which the jury might infer that

goods of the character of those in question were customarily shipped in ordinary box cars; that proper care required this; and that the plaintiffs did not authorize their goods to be shipped upon open cars, nor know that it was to be done until the goods arrived at destination.

It seems to us also that there was sufficient evidence to go to the jury upon the question whether the spark-arresting screen of the locomotive was not in a defective condition, attributable to defendant's negligence. There was evidence, on the one hand, tending to show that the screen had been inspected on the day before the fire and found to be in good order; but, on the other hand, there was evidence tending to show that when such a screen is in good order the sparks that are permitted to pass through it, even if they fall upon inflammable matter, are not large enough to set it afire, because the sparks are thrown so high in the air that they "die" before coming down. See *Goodman* v. *Lehigh Valley Railroad Co.,* 49 *Vroom* 317.

Defendant claims that the bill of lading was issued by the Hoboken Railroad Company, and that this company is not in any way connected with the Erie Railroad Company, except that it ships freight for that company and makes connection with its line. But the bill of lading shows that it was made by the Hoboken company in the name and for the account of the Erie Railroad Company, and upon all the evidence it was a permissible inference that the Hoboken company was authorized to act and did act as agent for the Erie company in the shipment.

Defendant further claims that the switch or siding upon which the cars stood at the time of the fire was a private siding controlled by the defendants, and not a regular place of delivery of the defendant company. The evidence, however, did not show this so clearly as to warrant the court in taking it from the jury. Moreover, the fact, if it were established, that the goods had been placed within the control of the plaintiffs, was not sufficient to terminate the responsibility of the carrier until after the consignees had had a rea-

sonable time within which to remove the freight. *Burr* v. *Adams Express Co.,* 42 *Vroom* 263.

And even if the defendant company was no more than a warehouseman, it would nevertheless be responsible for damages attributable to its negligence.

The bill of lading contained a provision that property not removed by the consignee within twenty-four hours after its arrival at destination might be kept in the car at the sole risk of the owner of the property. It is contended that the cars in question were in the Rutherford yard more than two days before the fire. But the evidence upon the question of the time of their arrival was in conflict, there being evidence from which it might be inferred that they arrived within twenty-four hours preceding the fire. Moreover, there was evidence to the effect that notice of their arrival was not given to the consignees longer than six or seven hours before the fire.

There being evidence from which the jury might reasonably attribute negligence to the defendant company, both with respect to transporting the goods in question upon open cars, instead of box cars, and with respect to the communication of the fire itself, by means of which the goods were destroyed; and there being no indisputable ground upon which the defendants could be excused from the consequences of such negligence, it results that it was erroneous to take the case from the jury.

The judgment under review should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VROOM, CONGDON, WHITE, JJ.    13.