288 P.2d 786

Donald BUCKNER, Respondent,

v.

MAIN REALTY AND INSURANCE COMPANY, a corporation, and Robert Stevenson, Appellants.

No. 8345.

Supreme Court of Utah.

Oct. 20, 1955.

Lowry, Kirton & Bettilyon, Salt Lake City, for appellants.

D. H. Oliver, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

The lower court entered judgment dismissing the appeal of Main Realty and Insurance Company and Robert Stevenson, defaulting defendants in an action commenced in City Court by Donald Buckner. Notice of appeal was served and filed sixty-four days after entry of judgment by default, and the District Court held that the appeal was not taken within the time prescribed by the Utah Rules of Civil Procedure, U.C.A.1953, Title 78. No notice of entry of judgment was served upon the appellants and they here claim that notice was necessary to start running the time in which to take an appeal.

From January 1, 1950, the date of the adoption of the Utah Rules of Civil Procedure, until January 1, 1952, the only rule pertaining specifically to appeals from City Courts to the District Court was Rule 72(a), which does not pertain to the problem at hand. Rule 81(c) provides that the rules shall apply to actions in the City or Justice Courts except where they are by their nature inapplicable; Rules 55(a) (2) and 5(a) provide that no service or notice need be served on a party in default; and Rule 77(d) concludes:

"Lack of notice of the entry of a judgment by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

However, prior to the enactment of the Rules, U.C.A.1943, 104–77–3 provided that an appeal from a justice's court to the district court of the county was available to the dissatisfied party at any time within thirty days *after notice of the entry of any final judgment,* and further provided for notice by publication where personal service could not be had. Rule 73(h), as an amendment to the Utah Rules of Civil Procedure, became effective January 1, 1952, and, while not so extensive in its provisions as the former statute, adopts some of the language from U.C.A.1943, 104–77–3, stating:

"An appeal may be taken to the district court from a final judgment rendered in a city or justice court within one month after notice of the entry of such judgment, or within such shorter time as may be provided by law. * * *"

Respondent does not contend that the above words are without effect and that notice of the entry of judgment in a city or justice court need never be given, but he does argue that, construing the Rules as a whole, the required notice must pertain only to actions where the defendant is not in default.

Despite the fact that the language of Rule 73(h) is not as precise as that of the statutes which preceded it, it appears that the intent was to re-enact the procedure which pertained to appeals from city and justice courts prior to 1950. Thus, the decision of Bullen v. Anderson, 81 Utah 151, 17 P.2d 213, a case squarely in point under the former statutes, is controlling. This court, construing Comp.Laws Utah 1917, as amended by Laws Utah 1919, Sec. 7514 (predecessor of Rule 73(h)) held that the time for taking an appeal dated from notice of the entry of judgment and not from the date of the entry of judgment in a city court. Notice of the entry of judgment was required to be given even though Sec. 7029, Comp.Laws of Utah 1917 (predecessor of Rules 55(a) (2) and 5(a)) dispensed with service or notice where otherwise required when the defendant was in default.

Rule 73(h), it must be remembered, was enacted two years after the effective date of the general body of Rules, including those rules which respondent views as limiting the applicability of Rule 73(h), but the only limitation expressed in that rule is that it applies only to appeals from final judgments rendered in a city or justice court. Certainly, from a practical viewpoint, a party in default has a greater interest in receiving formal notice that a judgment has been taken against him than has a party who appeared and who may well have been present at the time of the rendition of such judgment; and if the rule was designed to protect rights on ap-

peal, it is most effective where the party is otherwise unlikely to receive actual notice.

Respondent complains of the dilatory tactics of appellants, but it is obvious that he could have prevented the delay by serving the notice of judgment to start the running of the time in which appellants could appeal.

Reversed. Costs to appellants.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.