Rose Marie HUME, Petitioner and Appellant,

v.

SMALL CLAIMS COURT OF MURRAY CITY, Defendant and Respondent.

No. 15634.

Supreme Court of Utah.

Jan. 10, 1979.

Lucy Billings, Salt Lake City, for petitioner and appellant.

H. Craig Hall, Murray, for defendant and respondent.

WILKINS, Justice:

This is an appeal from a judgment entered by the District Court for Salt Lake County denying petitioner a writ of mandamus and involves procedural issues arising from an attempt to appeal from a judgment entered by a small claims court to the District Court under the provisions of Section 78–6–10. All statutory references are to Utah Code Ann., 1953, as amended. References to Rules are to Utah Rules of Civil Procedure.

On May 2, 1977 judgment was entered against petitioner, as defendant, in an action in the Small Claims Court of Murray City, State of Utah, respondent herein, after a trial held on April 21, 1977. Petitioner's counsel learned of the judgment on July 1, 1977, and filed notice of appeal in that Court on July 7, 1977, within five court days of the time she, counsel, first learned

of the judgment.[1] The Small Claims Court refused to transfer the case to the District Court, and sent petitioner notice that her appeal was not timely filed. Petitioner, asserting that she had not received notice of this judgment, and contending that the time did not begin to run until she had received notice, filed her petition for writ of mandamus in the District Court for Salt Lake County to compel respondent to transfer the case. A hearing on said petition was held on September 12, 1977, at which time petitioner testified that she had never received notice. Neither the record nor the transcript of that hearing reveals that respondent either rebutted this testimony or offered evidence that notice had been given.

The District Court denied the petition on the ground that the appeal was not timely, and petitioner moved to alter or amend this judgment under Rule 59(e) (the purpose of which was to reverse the District Court's denial of subject petition), citing as ground therefor, insufficiency of the evidence to support the judgment, and error of law. This motion was denied on the ground that it was not proper procedure, and petitioner appeals therefrom.

■ The first issue presented is whether petitioner's motion to alter or amend the judgment under Rule 59(e) was properly taken.

Rule 59(e) provides:

A motion to alter or amend the judgment shall be served not later than ten days after the entry of the judgment.

Defendant argues that this rule cannot be used for the purpose of reversing a judgment or rehearing the arguments. Defendant's argument is without merit, however. Under Rule 59 a party may move for a new trial upon any of the grounds stated therein. Where there is no jury, however, the Court, rather than granting a full new trial, may, under Rule 59(a)

---

1. See Section 78–6–10, which allows a defendant five days in which to appeal judgment of a small claims court and Rule 6 which provides that where a prescribed period is less than seven days, intermediate Sundays, Saturdays and legal holidays are excluded in the computation.

. . . open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law *or make new findings and conclusions and direct the entry of a new judgment* . . . [Emphasis added.]

Subdivision (e) of Rule 59 provides a time limitation for this type of motion, which is directed to the Court for rehearing of its own judgment.[2]  Such motions must be based on one or more of the grounds set forth in subdivision (a).  Here, petitioner alleged two of those grounds and the District Court erred in denying the motion on the ground that the procedure was improper, rather than ruling on the merits.

■■■ Defendant asserts that the above issue is the only one before this Court, and that petitioner may not argue the merits of her petition for writ of mandamus, or the judgment denying the petition.  A timely motion under Rule 59 terminates the running of the time for appeal of a judgment. Time for appeal does not begin to run again until the order granting or denying such a motion is entered.  The effect of denying such a motion is to reinstate the original judgment, and a timely appeal taken therefrom is in reality an appeal from that original judgment.[3]  This court will therefore consider the arguments raised by petitioner on this matter.

Does the time for appeal from the Small Claims Court, a department of a City Court,[4] begin to run from the time judgment is entered in the docket, or only after notice to the judgment debtor?

Section 78–6–10 provides in pertinent part:

. . . If the defendant is dissatisfied, he may, within five days from the entry of said judgment against him, appeal to the district court of the county in which said court is held . . .

Rule 73(h), however, provides:

An appeal may be taken to the district court from a final judgment rendered in a city or justice court within one month *after notice* of the entry of such judgment, or within such shorter time as may be provided by law.

This Court, in *Larson Ford Sales, Inc. v. Silver*, Utah, 551 P.2d 233 (1976), held that the shorter time for appeal provided in Section 78–6–10 is not unconstitutional as a violation of equal protection, but we have never considered the question whether notice must be given of a Small Claims Court judgment before the time to appeal begins to run.

■■■ In *Buckner v. Main Realty and Insurance Co.*, 4 Utah 2d 124, 288 P.2d 786 (1955), this Court held that an appeal from a default judgment entered in a City Court runs from *notice* of the entry of judgment under Rule 73(h) even though Rules 5(a) and 55(a)(2) provide that no notice need be served on a party in default.  In that case, this Court said:

. . . a party in default has a greater interest in receiving formal notice that a judgment has been taken against him than has a party who appeared and who may well have been present at the time of the rendition of such judgment; and if the rule was designed to protect rights on appeal, it is most effective where the party is otherwise unlikely to receive actual notice.  [at 288 P.2d 787.]

Similarly, where a defendant has only five days to appeal, it is particularly important, and due process requires, that notice of the judgment be given to defendant or his right to appeal is abridged severely.  Despite the fact that Section 78–6–10 does not provide that notice must be given a defendant in a Small Claims Court, we hold that Rule 73(h) applies to procedure in that Court as in other City Courts, and the time for appeal from that Court commences from notice of judgment.

2.  See *Woodham v. American Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551 (C.A. 5th, 1964); *Dove v. Codesco*, 569 F.2d 807 (C.A. 4th, 1978); *Richerson v. Jones*, 572 F.2d 89 (C.A. 3rd, 1978); *Gainey v. Brotherhood of Ry. & Steamship Clerks*, 303 F.2d 716 (C.A. 3rd, 1962).

3.  See *Hammond v. Public Finance Corp.*, 568 F.2d 1362 (C.A. 5th 1978).

4.  Section 78–6–1.

Finally, petitioner argues that there was insufficient (or no) evidence to establish that notice of the judgment was sent to petitioner.

As noted, supra, neither the record nor the transcript of the hearing reveals that respondent offered evidence that notice had been sent to petitioner, though petitioner, *in her brief*, states that respondent produced a copy of a letter that it claimed it had mailed to petitioner giving notice of the entry of judgment. However, petitioner in no way concedes defeat thereby, but alleges that there was no proof of the mailing of the letter.

As the record before us has no *evidence* concerning this critical point of notice of judgment (and proof of mailing thereof), the District Court's order denying petitioner's writ of mandamus is reversed and this matter is remanded for purposes of hearing petitioner's appeal. No costs awarded.

MAUGHAN and HALL, JJ., concur.

CROCKETT, J., concurs in result.

ELLETT, Chief Justice (dissenting):

The prevailing opinion confuses the Small Claims Court with the City Court. The Small Claims Court is a department in the Justice Court and in the City Court, created by statute, and is specifically set up to enable citizens to obtain justice without the requirement that the rules applicable to other courts be used.

The jurisdiction of the Small Claims Court is limited to $400.00; and, persons and corporations may litigate their claims in person or by authorized employees. There is no requirement that the employee be a lawyer. The object is to secure a speedy disposition of cases involving small amounts of money.

The rules of civil procedure are not applicable to the cases in the Small Claims Court. Examples of this are numerous: In the City Court a complaint must be filed and a summons served; the defendant must answer the complaint within 20 days after service of the summons; an appeal may be taken to the district court within 30 days after notice of the judgment.

The statute which set up the Small Claims Court provides that the clerk of the court shall, upon request, draft the affidavit for the plaintiff, and then sign an order directing the defendant to appear and answer the claim at a time certain, not less than five days nor more than 20 days from the date of the order. No written answer is required. The court hears the evidence given by both parties and renders a judgment according to the law and evidence presented. In case the court gives judgment to the plaintiff he may order it to be paid, forthwith, or upon terms within the discretion of the court. If the defendant is dissatisfied he may appeal to the district court; however a dissatisfied plaintiff has no right to appeal.

Ordinarily the parties are before the court and each knows exactly what the judgment is and when it is rendered. If a defendant refuses to obey the order to appear, he is in default and should have no right to appeal. However, even if he be entitled to appeal after default he must obey the statutes which created the court, namely U.C.A. 1953, Section 78–6–10 which reads:

. . . if the defendant is dissatisfied, he may, *within five days from the entry of said judgment* against him, appeal to the district court of the county in which said court is held . . . [Emphasis added.]

In this Court the defendant did not appeal within the five days provided by law and the district court properly ruled that the appeal was not timely filed.

There are other cogent reasons why the ruling of the district court cannot be reversed. Article VIII, Section 9, of our constitution provides that appeals from the city and justices' courts lie to the district court only, unless the validity of a statute is involved.

The plaintiff herein brought a writ of mandate in the district court against the Small Claims Court to compel that court to send up the record on appeal. The district

court refused to grant the mandate and the plaintiff here is demanding some sort of relief. That is a sneaky way of trying to bypass the constitutional prohibition on appeals to this Court as set out in Article VIII, Section 9 above mentioned.

The case of *Crooks v. Fourth District Court*, 21 Utah 98, 59 P. 529 (1899) is of interest. There the defendants in the justice of the peace court filed an appeal to the district court which appeal was dismissed on the grounds that it was not timely taken. The defendants then sought a writ of certiorari to the Supreme Court to review the ruling of the district court, claiming that the appeal to that court was timely filed. In denying the writ this Court said:

. . . When, therefore, contrary to the former practice, the framers of the constitution provided that the 'decision of the district courts' on appeals from judgments of justices of the peace 'shall be final, except in cases involving the validity or constitutionality of a statute,' their evident object and intention were to obviate the evil to which the practice then existing was subject, and yet provide a way by which statutory and constitutional questions which might arise in such cases could be reviewed by the appellate court.

What was then said in that case respecting a review by appeal applies with equal force to this case where the review is sought on certiorari. The framers of the constitution having, therefore, for potent reasons, as appears, changed the former practice by denying a review in such cases by appeal, how can it be contended that they intended to grant practically the same thing by certiorari? Or how can it be successfully contended that this court can do a thing by the use of the writ which we are prohibited from doing, by appeal? Evidently in the case at bar the same object is sought to be accomplished by the use of the writ of review as would have been accomplished under the former practice upon appeal. That object is to secure a reversal of the decision of the lower court. Whether this would be accomplished by certiorari or appeal, the result would be precisely the same. Since, therefore, a provision of the fundamental law prohibits the obtaining of a reversal in such a case by appeal, would not this court render that provision a nullity by permitting the same thing to be obtained by certiorari?

The clause of the constitution under consideration is mandatory and prohibitory by express provision of the same instrument. Sec. 26, Art. 1, Const.

\*     \*     \*     \*     \*     \*

Therefore a review of a decision of a district court upon an appeal from a justice of the peace by the writ of certiorari would violate the positive mandate of the constitution just as effectually as would a review by appeal.

The ruling would be the same when the matter was before this Court on petition for a writ of mandate.

Subsequent cases (*Hansen v. Anderson, et al.*, 21 Utah 286, 61 P. 219 (1900) and *O.S. L.R. Co. v. District Court*, 30 Utah 371, 85 P. 360 (1906)) have held that such a writ would be considered in cases where the district court exceeded its jurisdiction or lacked jurisdiction to make the order. However in the case now before us the district court did have jurisdiction to make the order and so we cannot consider the merits of the matter to see if that court made an error.

There are other reasons for sustaining the trial court. The district court denied the writ of mandate and on October 14, 1977, signed an order to that effect and that order was filed in the clerk's office on October 19, 1977. No appeal has ever been taken from that order.

On October 31, 1977, the petitioner filed in the district court a motion to alter the judgment entered on October 19, 1977. On December 21, 1977, the district court judge signed an order denying the motion to alter the judgment for the reason that the motion "was not a proper procedure to pursue." On January 20, 1978, a notice of appeal was filed in the office of the County Clerk, whereby notice was given that the petitioner appeals from the district court's

order denying petitioner's motion to alter judgment, dated December 21, 1978.

Our Rules of Civil Procedure (59(e)) provides:

A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment.

While the motion to amend the judgment was not filed until October 31, 1977, the certificate of counsel states that on October 28, 1977, she notified the respondent that her motion to amend the judgment would be heard on November 15, 1977. There is nothing in the record to show that the motion was ever served upon counsel for the respondent.

If it be assumed that a copy of the motion was served upon the respondent along with the notice of hearing, it would not be *served* until December 1, 1977, because service by mail requires an additional three days to that required by the rules or by statute. (U.R.C.P. 6(e).) The judgment denying the writ of mandate was filed on the 19th day of October 1977. The time for serving the motion to amend would have to be made on or before October 29, 1977. The motion therefore was properly denied and the appeal therefrom has no merit. The judgment of the trial court must be affirmed.