THOMAS McDONALD, RESPONDENT, v. PRESCOTT & CLARK, APPELLANTS.

The mere recital in a transcript from a Justice's docket that defendant was *duly served* is not sufficient. Before the transcript can be admitted to establish the rights of one holding under the judgment of a Justice, the facts in regard to the service of summons must appear.

It may be proved in a collateral proceeding that certain property was not actually sold by a constable at a judicial sale, notwithstanding the constable's certificate of sale.

An answer in which an officer attempts to justify a seizure under execution should not only set out the execution, but also the judgment on which the execution is founded, and show distinctly that defendant is an officer properly acting under such execution.

An officer may justify in some cases under an execution alone. But under other circumstances, as when the controversy is with a purchaser whose title is only defective for want of a delivery, the officer must show the judgment as well as the execution.

APPEAL from the District Court of the Sixth Judicial District, Hon. E. F. DUNNE presiding.

*McRae & Rhodes*, for Appellants, made the following points:

The testimony that the constable's return was false should have been admitted. (*Baker* v. *McDuffie*, 23 Wend. 289; Crocker on Sheriffs, p. 27, Sec. 45; Phil. on Ev., Cow. & Hd. 2 Pt., p. 296; *Dubois* v. *Dubois*, 2 Wend. 418, 3 Monroe, 349; *Herron* v. *Hughes*, 25 Cal. 563.)

The return may be attached even between the parties when the whole proceedings are void. (2 Cow & H. ; Notes to Phil. on Ev., p. 799, 8 Green. 207.)

The judgment of the Justice of the Peace was fatally defective, no summons or service having been shown on the defendant.

The law presumes nothing in favor of Courts of limited jurisdiction. But he who asserts a right under a judgment rendered by them must affirmatively show it. (*Swain* v. *Mount & Chase*, 12 Cal. 285; *Rowley* v. *Howard*, 23 Cal. 401.)

The recital on a Justice's docket that process was duly served is not evidence of the fact so stated. The summons and return must be shown. (*Lowe* v. *Alexander*, 15 Cal. 296; *Mallett* v. *Uncle Sam*, 1 Nevada R. 188.)

No brief on file for Respondent.

Opinion by BEATTY, J., full Bench concurring.

This was an action instituted to recover certain personal property. Plaintiff alleges that prior to and on the tenth of October, 1865, he was the owner of and in the possession of certain chattels; that on that day they were taken out of his possession by defendants.

Defendants for answer first deny that plaintiff was the owner of the goods sued for on the day stated, or on any other day; secondly, defendants aver the goods in controversy were the property of the Sheba Company, and justify the taking under an execution sued out from the District Court of Humboldt County against said company; thirdly, defendants say if plaintiff ever had any possession of the chattels in dispute, it was obtained by fraud and collusion. Then follow certain averments setting out the particulars of the alleged fraud, showing that plaintiff's only claim to the property was under a sale, or a pretended sale, made by a constable, in pursuance of certain alleged fraudulent schemes; and winding up with an allegation that the property in dispute was not sold by the constable, but that he made a false and fraudulent certificate of purchase to plaintiff, including this property, and that the property was never delivered to plaintiff, but remained in possession of the Sheba Company.

The plaintiff moved to strike out all that part of the answer which relates to the alleged fraudulent doings of plaintiff, the constable, etc. This motion was sustained, and the parties then went to trial.

The plaintiff, to prove his right to the property, introduced a

judgment entered by a Justice of the Peace in Star Township, in favor of *Edward Jones* v. *Sheba Company;* the execution issued thereon; the return of the officers on the execution; and the officer's certificate of sale, showing a sale to himself of the property now in dispute.

The defendants objected to this testimony, on the ground that there was nothing in the transcript from the Justice's docket showing that the Sheba Company had ever been served with summons, or that the Justice had jurisdiction of the case. This objection we think well taken.

There is a recital in the transcript from the Justice's docket to this effect: " Summons issued, returnable August 17th, A.D. 1865, at 11½ o'clock A.M. August 15th, 1865." " Summons in the above case duly served, returned, and filed, August 17th, 1865, 12½ o'clock A.M."

Nothing is presumed in favor of the jurisdiction of Courts of limited jurisdiction. The recital that the summons was duly served, without stating the facts as to how, when, or where it was served, is not sufficient. It is merely the opinion of the Justice that the service was sufficient. Possibly a Court of superior jurisdiction might, if the facts were before it, hold otherwise.

There was no appearance of the Sheba Company. Default was taken against that company.

We cannot, under such circumstances, presume the Justice had jurisdiction. (See *Lowe* v. *Alexander*, 15 Cal. 296.)

The summons and return thereon should have been produced with the transcript, to show jurisdiction. It was error to admit the evidence as offered.

Defendants also offered to show that the constable did not sell the property in dispute at the constable's sale, although the certificate of sale stated that he had sold this property to plaintiff.

The Court ruled this evidence out, on the ground that the defendants could not attack the constable's sale collaterally.

As we understand the offer, it was to prove the constable never did offer this particular property for sale. This was legitimate evidence. Supposing the constable's sale to have been a regular one on a valid judgment, plaintiff only got title to the property really sold to him by the officer. The constable's certificate could

not make a title to plaintiff for property that he never sold him. We know of no rule of law which would estop a party from inquiring whether such certificate contains the truth or a falsehood. It was error to refuse to admit this evidence. In this case it was a pertinent inquiry as to whether the property really was sold by the constable, or whether it was through fraud, ignorance, or mistake inserted in the certificate as having been sold, when in reality it never was.

We are inclined to the opinion that the Court erred in striking out a part of the defendants' answer. The answer, however, is rather defective, and we would suggest an amendment before this case is re-tried. The answer would have been more perfect if, in addition to the execution, it had alleged a good and subsisting judgment against the Sheba Company. It fails, also, to show that defendants, or either of them, was an officer.

An execution, regular on its face, will sometimes justify the officer; but when an officer levies on the property which has been sold by the defendant in execution, in such a way as to make the sale good as between him and his vendee, but not good against creditors, (as, for instance, where there has been a *bona fide* sale, but no delivery) the officer must show not only an execution, but a judgment.

The judgment is reversed, and remanded for further proceedings, with leave to defendants, if they desire it, to amend their answer.