[No. 980.]

N. LEVY, APPELLANT, *v.* JAMES ELLIOTT, RESPONDENT.

SUNDAY—ATTACHMENT.—An attachment suit can be commenced and the writ served on Sunday whenever the plaintiff, or some person in his behalf, makes the affidavit required by section 50 of the act concerning courts of justice. (1 Comp. L. 955.)

Idem—Sufficiency of Affidavit.—The use of the word *upon* instead of *by* in the affidavit: *Held*, to be a clerical mistake, which did not destroy the sufficiency of the affidavit.

Appeal from the District Court of the Fourth Judicial District, Humboldt County.

The facts appear in the opinion.

*Robert M. Clarke*, for Appellant.

The power to issue the writ is expressly enumerated in the statute, and this by implication carries the power to do everything necessary to the issuance of the writ. Any other interpretation would destroy the act and overthrow the intention of the law-makers. The act in terms only provides that the writ may issue. The law grants the right to have the writ issue. It therefore grants also the right to do all things necessary to that end.

*Kirkpatrick & Stephens*, for Respondent.

Sunday laws are declared to be founded on public policy, and promotive of the principles of religion and morality, for it is held that the dedication of the Sabbath to religious rest and worship is of divine authority and perpetual obligation. (*People* v. *Hoym*, 20 How. Pr. 76; *Rice* v. *Mead*, 22 Id. 445; *Story* v. *Elliott*, 8 Cow. 27.)

It is obvious from the provisions of our statutes on the subject that the law-makers intended to require a strict observance of the fourth commandment, and it is irresistibly clear that they regarded the transaction of public or judicial business as a desecration of the Lord's day—to be rigidly prohibited. Such being the manifest spirit of this legislation, it must be read and interpreted in the light of the legislative intention, so as to promote the high moral and religious purpose in view. Nothing is to be taken by implication. The exceptions contained in the act must be restrained within their very letter.

The remedy by attachment is, under our system, a harsh one. In its practical operation it is always oppressive and generally inequitable and unjust. It exhausts the property

of the unfortunate debtor in costs. It breaks up and ruins his business and credit, and this, in advance of a hearing, and without allowing him his day in court. It ignores the principle of equitable distribution—giving an absolute preference to the prior attaching creditor. There is nothing in the end to be accomplished that should incline the court to relax the laws which protect the Lord's day from desecration.

*S. S. Grass*, also for Respondent.

By the Court, BEATTY, C. J.:

This action was, on motion of the defendant, dismissed by the district court, on the ground that the proceedings were void by reason of the fact that the complaint was filed and summons issued on Sunday.

The plaintiff appeals from the judgment of dismissal, and the only questions in the case are:

1. Can an attachment suit be commenced in this state on Sunday?

2. If so, did the plaintiff in this case make a proper affidavit to entitle him to the privilege?

The fiftieth section of the act concerning courts of justice, etc. (C. L. sec. 955), is as follows:

"Section 50. No court shall be open, nor shall any judicial business be transacted on Sunday, on New Year's Day, on the Fourth of July, * * * except for the following purposes: * * * Fourth—For the issue of a writ of attachment, which writ may be issued on each and all of the days above enumerated, upon the plaintiff, or some person in his behalf, setting forth in the affidavit required by law for obtaining said writ the additional averments, as follows: That the affiant has good reason to believe, and does believe, that it will be too late for the purpose of acquiring a lien by said writ to wait till a subsequent day for the issuance of the same. And all proceedings instituted, and writs issued, and official acts done on any of the days above specified, under and by virtue of this section, shall have all the validity, force and effect of proceedings commenced on other days," etc.

Respondent does not deny that under this fourth exception a writ of attachment may be lawfully issued on a non-judicial day, but he contends that the right to the writ does not necessarily include the right to commence an action, and he insists that the exceptions to the rule forbidding the transaction of judicial business on non-judicial days, and especially Sundays, must be narrowly and literally construed, and not extended by implication to embrace anything that it does not include in terms. It is giving full effect to the section, he says, to hold that it merely authorizes the issuance of the writ, leaving the action to be commenced afterwards, or if this is denied, to hold that it applies in those cases only in which an action has been commenced on a secular day, and is pending when the issuance of the writ is demanded.

We think, however, that a different rule of construction applies, and that a different result follows. The statute is remedial, and ought to be liberally and beneficially construed in accordance with its object and reason. It must also be construed in connection with the statutes *in pari materia.*

An attachment is a merely ancillary remedy, and in all cases an action must be commenced or must be pending at the time the writ is issued. (Comp. Laws, sec. 1184, *et seq.*) Construing this act together with the exception above quoted, it can not be held that the latter authorizes the issuance of the writ first and the commencement of the action afterwards.

Neither can it be held that the privilege of issuing the writ on a non-judicial day is allowed only in cases where an action has been previously commenced. The plain intention of the legislature was to prevent debtors from availing themselves of the immunity of non-judicial days in order to make the remedy by attachment unavailable to some or all of their creditors; and this sole object of the law would be defeated in a great majority of instances by the construction contended for.

We think it clear that in all cases an action must be commenced or must be pending to authorize the issuance of

the writ of attachment, and equally clear that, under the statute, the writ may issue on a non-judicial day whenever the plaintiff, or some person in his behalf, will make the necessary affidavit. It follows necessarily that when he makes such affidavit in an action not yet commenced, his complaint not only may but must be filed, and summons issued, on Sunday the same as on other days.

But it is claimed that the plaintiff in this case did not make the necessary affidavit. Instead of saying it would be too late for the purpose of acquiring a lien *by* said writ if he waited till a subsequent day, he said it would be too late to acquire a lien *upon* said writ. This substitution of the word "upon" for "by" is evidently a clerical mistake, and does not detract from the sufficiency of the affidavit.

Our conclusion is that the court below erred in dismissing the action, and accordingly the judgment is reversed and the cause remanded for further proceedings.