[No. 13378.   Department Two. — January 2, 1890.]

BERNARDO BIENENFELD, Appellant, v. THE
FRESNO MILLING COMPANY, Respondent.

Supreme Court — Appellate Jurisdiction — Certiorari — Amount in
Dispute. — The appellate jurisdiction of the supreme court does not ex-
tend to an appeal from a judgment and order of the superior court dis-
missing a writ of *certiorari* and affirming a judgment of a justice's court
which amounted to less than three hundred dollars. The appellate
jurisdiction of this court is the same as if the case had been appealed to
the superior court.

Id. — Dismissal of Appeal. — This court will dismiss an appeal of which it
has no jurisdiction, of its own motion, whether the point is raised by
counsel or not.

Appeal from a judgment and order of the Superior
Court of Fresno County dismissing a writ of *certiorari*.

The facts are stated in the opinion of the court.

*Meux & Edwards*, for Appellant.

*T. P. Ryan*, and *Oliver Wolcott, in pro. per.*, for Re-
spondent.

Sharpstein, J. — This is an appeal from a judgment
and order of the superior court of Fresno County dis-
missing a writ of *certiorari*, and affirming a judgment of
a justice's court in the above-entitled action.

The judgment of the justice's court is in favor of the
defendant and against the plaintiff for the sum of
$106.65, costs incurred by defendant in said action, in
which there was a verdict and judgment in his favor.

We think the appellate jurisdiction of this court does
not extend to such a case. This court has "appellate
jurisdiction in all cases in equity, except such as arise
in justice's courts; also, in all cases at law which involve
the title or possession of real estate, or the legality of
any tax, impost, assessment, toll, or municipal fine, or

in which the demand exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars; also, in cases of forcible entry and detainer, and in proceedings in insolvency, and in actions to prevent or abate a nuisance, and in all such probate matters as may be provided by law; also, in all criminal cases prosecuted by indictment· or information in a court of record on questions of law alone." (Const., art. 6, sec. 4.)

This case does not appear to be within the appellate jurisdiction of this court, as defined by the constitution. Therefore we cannot entertain jurisdiction of it. If there had been an appeal from the justice's to the superior court, we are confident that no appeal from the judgment of the latter to this court would have been attempted.

Our appellate jurisdiction is the same in both cases.

Not· having jurisdiction of the appeal, we must dismiss it. The only embarrassment we experience in arriving at this determination is caused by the omission of respondent to raise the point. But we cannot proceed further in a case after discovering that we have no jurisdiction, whether the point is raised by counsel or not.

Appeal dismissed.

Thornton, J., and McFarland, J., concurred.