Stewart v. Bodley.

---

## E. J. STEWART v. C. M. BODLEY.

JUSTICE'S COURT — *Summons — Service of Defective Copy — Validity of Judgment.*   Where a summons is issued by a justice of the peace and served by a constable by leaving it at the usual place of residence of the defendant, a paper which is a copy of the original summons, with the exception that the name of the constable is signed to the copy in the place of the name of the justice of the peace, but the indorsement upon the copy contains the name of the justice issuing the same, *held*, that such mistake in the copy of the summons does not render a judgment entered upon such service void, but only voidable.

*Error from Harper District Court.*

THE opinion states the case.

*Shepard, Grove & Shepard,* for plaintiff in error.
*Geo. E. McMahon,* for defendant in error.

Opinion by GREEN, C.: On the 21st day of May, 1886, William M. Duncan sued E. J. Stewart before A. R. Blackburn, a justice of the peace of Harper county, to recover the sum of $58 for services rendered. The justice of the peace issued a summons, which was regular upon its face, and delivered it to C. M. Bodley, a constable. The summons was returned with the indorsement that service had been made by a copy left at the residence of the defendant. On the return-day the defendant made no appearance, and judgment was rendered in favor of the plaintiff for the amount claimed. On the following day an execution was issued on said judgment and delivered to Bodley, as constable, which was levied upon the property in controversy in this action. On the 12th of June the plaintiff in error brought an action in replevin against Bodley and Stewart to recover the property taken on execution. The defendants in this replevin suit gave a re-delivery bond, retained possession of the property, and it was sold under the execution. This replevin action was never tried, but was continued from term to term, until June, 1887, when it was dismissed by the plaintiff without prejudice. This action was commenced in the district court of Harper county on the 19th day of July, 1887, to recover the value of the property sold upon execution by Bodley, as constable.

The defendant answered, and set up three defenses: First, a general denial; second, justification under the execution, and, third, the replevin action. The plaintiff demurred to the third ground, which was sustained by the court. The plaintiff then filed a reply to the second defense, denying the judgment, and alleged that Bodley did not serve a copy of the summons upon the plaintiff, but made a false return;

that the copy left at the residence of Stewart was signed by
C. M. Bodley, justice of the peace; and that no appearance
was made by Stewart. It was further alleged that Bodley
knew that said return was false. At the January term, 1889,
the case was tried by the court, and resulted in a finding and
judgment for the defendant, and the plaintiff brings the case
here for review.

The assignment of error is, that the court should not have
overruled the plaintiff's demurrer to the evidence of the de-
fendant, and this raises the question as to whether or not the
judgment rendered in the case of *Duncan v. Stewart,* before
A. R. Blackburn, justice of the peace, was void. This is the
main question in the case. If the judgment was rendered
without service, it was void. To determine the question of
service, we must consider what was left at the usual place of
residence of the defendant. The summons issued by the jus-
tice of the peace was regular. The copy served was signed
by the constable instead of the justice of the peace. It was
addressed to Bodley, as constable, and contained the indorse-
ment that if the defendant failed to appear, judgment would
be taken for the sum of $58, with interest at the rate of 7 per
cent. per annum from the 21st day of May, 1886, and costs
of suit, and signed by A. R. Blackburn, justice of the peace.
It could be seen at a glance that Bodley could not have been
the justice of the peace and constable too; that his signature
to the copy must have been a clerical error. The defendant
served lived in the same township where the officers resided,
and would be presumed to know who they were; and the fact
that the name of the justice of the peace did appear in one
place upon the copy, and that the process was addressed to
Bodley, was sufficient to inform him that he had been sued.
There is no question but that the service would have been set
aside if a motion had been made for that purpose; but we are
not prepared to say that the judgment was absolutely void,
but might have been set aside in a direct proceeding. We
conclude, therefore, that the service made upon E. J. Stewart,

in the original suit, was only voidable, and not void. (See *Bassett v. Mitchell*, 40 Kas. 549; *Friend v. Green*, 43 id. 167.)

Holding, as we do, that the judgment rendered in favor of Duncan and against Stewart was not void, but only voidable, there was no error in the trial of this action in the court below, and we therefore recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.