[No. 1665.]

## S. M. ANDREWS, RESPONDENT, *v.* W. M. COOK, PETITIONER.

CERTIORARI—APPEAL FROM JUSTICE—DISMISSAL—REVIEW. Where a district court, acting under Const. art. VI, sec. 6, giving such a court final appellate jurisdiction in cases arising in justices' courts, dismissed an appeal from a justice's court, the action having been in the exercise of jurisdiction, it could not be reviewed on *certiorari.*

*Certiorari* by W. M. Cook to review the action of the First Judicial District Court for Ormsby County in dismissing an appeal to such court from a judgment of a justice in an action against petitioner by S. M. Andrews. **Writ dismissed.**

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Petitioner:

I.   Two points only are involved in the petition—the construction of rule 37 of the district court, and whether *certiorari* is the proper remedy:

RULE 37.   "When an appeal from the justice's court to this court has been perfected, and the papers are not filed in this court within fifteen days from the day of filing the undertaking on appeal, this court, on the production of a certificate from the justice to the effect that an appeal has been taken and perfected, but the papers have not been ordered up, or the proper costs not paid, or upon showing that any other necessary steps have not been taken, shall dismiss the appeal at the cost of the appellant."

Is *certiorari* the proper remedy?   An appeal would not lie because the amount involved is not sufficient. *Mandamus* would not lie because Judge Murphy acted. *Quo warranto* would not lie because he had authority to act. Prohibition or injunction would not lie because the judge had acted. *Certiorari* reaches it because "the writ shall be granted in all cases when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Comp. Laws, 3531.)

II.   The district court can neither give itself jurisdiction

nor divest itself of jurisdiction. (*Levy* v. *Superior Court of Yolo County*, 66 Cal. 292; *Hall* v. *Superior Court of El Dorado County*, 68 Cal. 24; *Carlson* v. *Superior Court of Alameda County*, 70 Cal. 628; *Peacock* v. *Leonard*, 8 Nev. 84, 157; *Wiggins* v. *Henderson*, 22 Nev. 103.)

III.   In the case at bar petitioner asks to have a question of law reviewed only, and claims it is apparent on the record. "As before observed, the common-law office of the writ of *certiorari* has been much extended in many of the states by statute and judicial enlargement, and it has been said that in any case where the rights of an individual have been invaded by the acts of persons clothed with authority and who exercise that authority illegally, the person aggrieved must seek redress by this proceeding.   So, under the enlargement and modification of the common-law doctrine, the writ is held to be the appropriate process, not only to review jurisdictional errors, but also to review and correct illegalities and irregularities in proceedings." (Am. & Eng. Ency. of Pl. and Pr., vol. 4, p. 100, and authorities cited.)   "And the erroneous dismissal of an appeal may be reviewed and corrected by *certiorari*." (*State* v. *Tinsman*, 38 N. J. L. 210; *Hall* v. *Superior Court*, 71 Cal. 550.)

*E. E. Roberts*, for Respondent:

I.   Respondent submits that the supreme court on *certiorari* cannot review the judgment of the district court unless said court exceeds its jurisdiction.   The only question which can be inquired into on *certiorari* is whether the inferior court or tribunal had jurisdiction to do the act sought to be reviewed. (*State* v. *Washoe Co.*, 5 Nev. 317; *Maynard* v. *Railey*, 2 Nev. 313; *Fall* v. *Com. Humboldt Co.*, 6 Nev. 100; *Phillips* v. *Welch*, 12 Nev. 158; *In re O'Rourke*, 13 Nev. 253; *Hetzel* v. *Con. Eureka Co.*, 8 Nev. 359; *Esmeralda Co.* v. *District Court*, 18 Nev. 438; *In re Wixom*, 12 Nev. 219; *Maxwell* v. *Rives*, 11 Nev. 213; *Fletcher* v. *Osburn*, 24 Nev. 187)   The question then is, did the district court exceed its jurisdiction in dismissing the case?   Respondent's contention is that the district court acted clearly within its jurisdiction in dismissing the appeal.

II.   The case at bar was dismissed by the district court upon the ground that the costs of the justice of the peace, W. H. Stone, had not been paid, said justice having filed a certificate with the clerk of the district court to that effect. The statutes of the state and the rules of the district court make the payment of the costs of the justice of the peace a necessary and vitally essential step in the perfection of an appeal.   "Every court of record has an inherent power irrespective of statute to make rules for the transaction of its business." (Am. & Eng. Ency. of Law, vol. 8, p. 29.)

III.   A strong case in point is that of *Phillips* v. *Welch*, 12 Nev. 170, wherein the court says: "The court, after acquiring jurisdiction for that purpose, had the undoubted right to decide the question upon the law and the evidence. It may have erred. Whether it did or did not, it is not our province, in this proceeding, to inquire. We are prohibited by the statute from investigating this question. Even admitting that the court erred in the conclusions it reached, yet all the authorities above cited hold that error in judgment, in respect to a question which the court is authorized to investigate and determine, does not, by any means, constitute an excess of jurisdiction. If it did, then every error committed by an inferior court or tribunal would be an excess of jurisdiction, and the writ of *certiorari* would be converted into a writ of error instead of remaining where the statute has placed it—a writ of review; and every case brought before us under the writ would have to be heard and determined in the same manner as if the right of appeal existed."

IV.   Who was then authorized to investigate and determine whether or not the appeal in the case at bar should have been dismissed?   The district court, we submit, was in duty bound to investigate and determine whether or not the appeal was properly perfected and whether or not it should be dismissed.   The court erred not in its judgment in dismissing the appeal, but acted in strict accordance with the rules of court and the statutes of this state.   Even admitting, for the sake of argument, that the court erred in the conclusions it reached, yet that, according to the decisions of the supreme court, does not constitute excess of jurisdiction.   If

not, how then can petitioner on *certiorari* invoke the aid of this court to disturb the judgment of the district court? In the same case (*Phillips* v. *Welch*, 12 Nev. 171) the court says: "We cannot in this proceeding furnish a panacea for 'all the ills that flesh is heir to,' nor can we correct any errors of law or fact not jurisdictional in their character."

V.   Again, the supreme court of this state can only issue the writ of *certiorari* in the exercise of its appellate jurisdiction, and only then when the inferior court or tribunal has exceeded its jurisdiction. The district court has final appellate jurisdiction in cases arising in justices' courts.

VI.   The case at bar began in the justice's court. Can it be logical that in the exercise of its final appellate jurisdiction, the district court's order in dismissing the appeal taken was an excess of jurisdiction and falls within the supreme court's appellate jurisdiction to review? We contend not.

VII.   Respondent respectfully submits that the district court had jurisdiction to decide the question sought to be reviewed, and that the supreme court under our statute is not authorized to review the same.

By the Court, NORCROSS, J.:

Petitioner appealed to the first judicial district court in and for Ormsby County from a judgment rendered against him and in favor of the plaintiff, Andrews, in the justice court of Ormsby County. The papers upon appeal were duly filed by the justice with the clerk of the district court. Thereafter, upon motion of counsel for the respondent, and upon a showing that the costs of the justice had not been paid, the district court made an order dismissing the appeal, basing its order on an erroneous construction of rule 37 of the district courts, which rule reads as follows: "When an appeal from the justice court to this court has been perfected, and the papers are not filed in this court within fifteen days from the day of filing the undertaking on appeal, this court, on the production of a certificate from the justice to the effect that an appeal has been taken and perfected, but the papers have not been ordered up, or the proper costs not paid, or upon showing that any other necessary steps have

not been taken, shall dismiss the appeal at the cost of the appellant."

Conceding that the district court erred in its ruling, was such error in excess of jurisdiction, or within the power of this court to correct? Counsel for petitioner has cited four decisions from the Supreme Court of California sustaining his contention that the supreme court has such power, and also, to the same effect, the case of *State* v. *Tinsman*, 38 N. J. Law, 210. The latter case need not be considered, for the reason that the State of New Jersey has no constitutional provision like that of this state giving to district courts "final appellate jurisdiction in cases arising in justices' courts." (Const. Nev. art. VI, sec. 6.) The California decisions cited have all been expressly overruled in the case of *Buckley* v. *Superior Court*, 96 Cal. 119, 31 Pac. 8, in an able opinion by Garoutte, J., to which Patterson, J., filed a strong dissenting opinion, which was concurred in by Beatty, C. J. We think, however, that the weight of reason and authority is in support of the prevailing opinion in the case last cited, and is in consonance with an early decision of this court upon the precise question now presented. In the case of *State ex rel. Treadway* v. *Wright*, 4 Nev. 119, which was an original proceeding in *mandamus* to compel the respondent, as judge of the first judicial district, to proceed with the trial of a cause appealed to his court from a justice's court, and which he had dismissed for what he deemed to be an irregularity in the appeal, in passing upon the question, the court, by Lewis, J., said: "But how is this court to determine whether the court below rightly dismissed the appeal or not? We have no means of ascertaining that fact, except by reviewing all the proceedings upon the motion to dismiss, and examining the evidence produced to sustain it. To do so, however, would be to review the judicial action of the lower court, precisely as if an appeal had been taken from the judgment of dismissal, which cannot be done in a proceeding of this character. The case could not be brought to this court by appeal, because the sum involved is not sufficient to give it jurisdiction; but upon the application for this writ we are asked to review an order or judgment of the court below,

adjudge it to be erroneous, set it aside, and direct the court to proceed with the trial. To do so would simply convert the writ of *mandamus* into a writ of error. The court below having made an order disposing of the cause, no matter how erroneous it may have been, it cannot be reviewed in this court."

The case of *State ex rel. Treadway* v. *Wright, supra*, has been cited as authority by courts and text writers, as in the cases of *People* v. *Garnett*, 130 Ill. 343, 23 N. E. 331, and *Ewing* v. *Cohen*, 63 Tex. 485, and in High's Ex. Leg. Rem. 173, 191, and the law, therein decided, followed. In the concurring opinion of Hawley, J., in the case of *Floral Springs W. Co.* v. *Rives*, 14 Nev. 435, after giving it as his opinion that the case of *State ex rel. Treadway* v. *Wright* was correctly decided, that distinguished jurist said: "In every case where an appeal has been taken from the justice's court it is the duty of the district judge, upon proper request, to make such disposition of the case as, in his judgment, the law and facts may warrant. If he proceeds and disposes of the case, the writ of *mandamus* cannot be used to review his action; but, if he refuses, the writ will be issued to compel him to act."

While this proceeding is in *certiorari*, and several of the decisions herein referred to were rendered in proceedings in *mandamus*, the reasoning set forth for denying the issuance of the writ applies with equal force to both procedures. In fact, the majority of courts that have granted relief against erroneous dismissals of appeals from inferior courts have held that *mandamus* was the proper remedy instead of *certiorari*. (See 13 Enc. of Pl. & Prac. 537.) Hence an examination of the question presented has occasioned a review of authorities under both procedures. The reason for denying power in the supreme court to correct, by original proceedings, errors committed by the district courts in erroneously dismissing appeals from justices' courts, is concisely stated in the following extract from the opinion of the court in the case of *Buckley* v. *Superior Court, supra:* "The vital question was, did the superior court exceed its jurisdiction in dismissing the appeal? not, was the appeal erroneously dismissed? When an appeal is regularly taken, the court not

only has jurisdiction to try the cause upon its merits, but it has entire and complete jurisdiction of the cause for any and all purposes    It has jurisdiction to hear a motion to dismiss the appeal as fully as it has jurisdiction to hear and determine the cause upon its merits; and to erroneously dismiss the appeal is no more jurisdictional than to erroneously decide the merits of the cause.    It follows that, if the court erred in dismissing the appeal, it was done in the exercise of jurisdiction, and not in assuming jurisdiction which did not exist.    It was a mere error in the exercise of its power—an error of law which will not be reviewed by an original proceeding." (*Buckley* v. *Superior Court*, 96 Cal. 121, 31 Pac. 8; *Crooks* v. *District Court*, 21 Utah, 98, 59 Pac. 529; *Nev. Cent. R. R. Co.* v. *District Court*, 21 Nev. 411, 32 Pac. 673.)

For the reasons given, the writ is dismissed.