[No. 1998]

WONG KEE, APPELLANT, v. H. M. LILLIS, AS JUS-
TICE OF THE PEACE OF LAS VEGAS TOWNSHIP,
RESPONDENT.

[138 Pac. 900]

1. APPEAL AND ERROR—DECISIONS APPEALABLE—JURISDICTION.
    The supreme court has jurisdiction of an appeal from an
    order of the district court dismissing a writ of *certiorari* to
    review a judgment of a justice of the peace attacked on juris-
    dictional grounds, regardless of the amount in controversy.
2. JUSTICES OF THE PEACE—CERTIORARI—JURISDICTION—PRESUMP-
    TIONS.
    On *certiorari* to review a judgment of the justice court
    because of a defect in the summons, the judgment should be
    vacated where the docket of the justice did not affirmatively
    show a sufficient service of summons.
3. IDEM—JURISDICTION—SUMMONS.
    Facts essential to establish the jurisdiction of a justice of
    the peace must affirmatively appear. A recital in a justice's
    docket that summons was "duly served" or that the attorney
    "came into court and made return on summons as by law pro-
    vided," is insufficient.
4. IDEM—SERVICE OF PROCESS—SUFFICIENCY.
    Where the summons issued out of justice court and served
    upon defendant was not signed by the justice, it is voidable, and
    may be set aside upon appropriate motion.

APPEAL from the Fourth Judicial District Court, Clark
County; *E. J. L. Taber*, Judge.

Application by Wong Kee for writ of *certiorari* against
H. M. Lillis, as Justice of the Peace. From an order
denying the writ, the petitioner appeals. **Reversed and
remanded**, with directions.

*Richard Busteed*, for Appellant.

*Stevens & Van Pelt*, for Respondent.

By the Court, McCARRAN, J.:

This is an appeal from an order of the district court of
the Fourth judicial district denying petitioner's applica-
tion for a writ of *certiorari* to review a judgment entered
by respondent as justice of the peace of Las Vegas town-
ship against petitioner and in favor of Antonio Mendez,
plaintiff in the justice court, in the case of *Mendez* v.

*Wong Kee.* In the court below petitioner prayed that a writ of *certiorari* be issued and directed to the justice of the peace commanding him to transfer to the clerk of the district court a transcript of the proceedings had in that court whereby judgment was rendered against petitioner, and in this respect it is the contention of petitioner that the justice court had no jurisdiction to proceed with the cause or render judgment in the case for the reason that there was a defect in the service of summons. Petitioner's Exhibit A is a copy of the summons served upon petitioner as defendant in the justice court, and it is admitted that the copy of the summons as set forth in the transcript is true and correct. In that copy no signature of the justice of the peace appears as having issued the summons. In the transcript of the docket of the justice court the following entry appears: "March 20th, Attorney Van Pelt came into court and made a return on summons as by law provided."

[1] A motion to dismiss this appeal has been filed by respondent, and in support of his contention we are referred to the case of *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, 22 Pac. 1113, wherein the Supreme Court of California held that an appeal from a judgment and order of the superior court, dismissing a writ of *certiorari* and and affirming a judgment of the district court, could not be reviewed on appeal for the reason that appellate jurisdiction of the supreme court did not extend to such a case. But in this respect it must be observed that the Supreme Court of California, in the case of *Heinlen* v. *Phillips*, 88 Cal. 557, 26 Pac. 366, in a similar proceeding expressly overruled its decisions in the Bienenfeld case, and said: "A motion is made to dismiss the appeal upon the ground that, since the amount involved is less than $300, the court is without jurisdiction. And the case of *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, 22 Pac. 1113, decided by department 2 of this court, sustains the position. But that case is in conflict with the prior decisions, which in the pressure of business were overlooked, and we think

it is best to return to the settled rule. The point was decided in *Winter* v. *Fitzpatrick*, 35 Cal. 269, which overruled a prior case. * * * This case was approved and followed in *Morley* v. *Elkins*, 37 Cal. 456, and *Palache* v. *Hunt*, 64 Cal. 474, 2 Pac. 245. This would seem to be sufficient to establish the rule; and, as the department did not have before it the case mentioned, we think that *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, 22 Pac. 1113, must be overruled. The motion to dismiss is therefore denied."

Counsel for respondent refer us to the case of *Andrews* v. *Cook*, 28 Nev. 265, 81 Pac. 303, and also to the case of *Treadway* v. *Wright*, 4 Nev. 119, and *Floral Springs Water Co.* v. *Rives*, 14 Nev. 435. In the case of *Floyd & Guthrie* v. *Sixth Judicial District Court*, 36 Nev. 349, 135 Pac. 922, this court expressly overruled the doctrine as annunciated in the case of *Treadway* v. *Wright*, 4 Nev. 119, and *Andrews* v. *Cook*, 28 Nev. 265, 81 Pac. 303.

It is our judgment that the doctrine annunciated in the case of *Heinlen* v. *Phillips*, *supra*, establishes the better rule in a case of this kind, and this court will entertain an appeal from an order and judgment of the lower court in *certiorari* from the justice court. The motion to dismiss is therefore denied.

[2-3] On the merits of the case it must be observed that our civil practice act, applicable to the manner of commencing actions in the justice court, prescribes that an action in the justice court is commenced by filing a complaint and the issuance of summons thereon. The summons must be directed to the defendant and signed by the justice. (Sections 5722 and 5727, Revised Laws of Nevada.)

The record discloses that the only matter relative to the service of summons upon the defendant was the docket entry made on March 20, as follows: "Attorney Van Pelt came into court and made return on summons as by law provided."

In the case of *McDonald* v. *Prescott, et al.*, 2 Nev. 109, 90 Am. Dec. 517, this court established a rule directly

applicable to the case under consideration and held that nothing is presumed in favor of the jurisdiction of courts of limited jurisdiction. The recital that the summons was "duly served," without stating the facts as to how, when, or where it was served, is not sufficient. It is merely the opinion of the justice that service was sufficient. Jurisdiction cannot be presumed in favor of the justice of the peace under such circumstances. In this respect it is a rule established almost to a degree of uniformity that nothing is presumed in favor of the jurisdiction of the justice of the peace, and it must be affirmatively shown.

In the entry of the justice court as certified to this court, there is a total absence of any entry as to service of summons. The bald allegation, "Attorney Van Pelt came into court and made return on summons as by law provided," conveys none of the prerequisites to give the court jurisdiction. There is an absence of the essential requisites as to how, when, where, and by whom service of summons was had upon the defendant. As stated by this court in the case of *McDonald v. Prescott, supra,* nothing is presumed in favor of the jurisdiction of the district court; its jurisdiction and all facts essential to establish jurisdiction must affirmatively appear.

[4] As appears from the record in this case, the copy of the summons left with the defendant was blank as to the signature of the justice of the peace. Service made in this manner is voidable, and when motion is made, at the proper time, to quash the service, the party making such motion should prevail. The mere entry of the justice of the peace that "return on summons as by law provided" will not relieve such a defect. (*Stewart* v. *Bodley,* 46 Kan. 397, 26 Pac. 719, 26 Am. St. Rep. 105; *Moore* v. *Hansen,* 75 Mich. 564, 42 N. W. 981; *McDonald* v. *Prescott,* 2 Nev. 109, 90 Am. Dec. 517; *Roy* v. *Whitford,* 9 Nev. 370.)

It follows that the order of the district court, dismissing the writ, will be vacated, and the district court is instructed

to enter an order directing the annulment of the judgment of the justice court.

It is so ordered.