STATE Ex Rel. WOOD, District Attorney,
*v.* HAEGER

No. 3066

July 5, 1934.　　　　　　　　　33 P. (2d) 753.

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

*N. E. Conklin,* for Appellant:

▮▮▮▮

*Fred L. Wood,* for Respondent, made an oral argument, but did not file a brief.

## OPINION

By the Court, DUCKER, J.:

This appeal is taken from an order made by the district court of Mineral County granting a writ of mandate against the auditor of said county. The order required the auditor to draw a warrant upon the treasurer in the amount of $61.20 claimed by the petitioner.

The record before us presents the following facts: Petitioner presented a claim to the county commissioners of said county for mileage traveled by him from the county seat thereof to the city of Reno to accept service of a writ of prohibition issued out of the supreme court to the district judge of said county acting in a civil case pending therein. The claim was allowed by the county commissioners, but the auditor, who is the appellant here, refused to allow it. It was resubmitted to the commissioners and was again approved. Appellant again refused to audit and allow the claim. Petitioner then instituted an action and obtained a judgment in the justice's court for said claim, which was presented to and allowed by the commissioners. Appellant refused to allow it, and it was referred back to the commissioners, who approved it by a unanimous vote. Appellant again refused to allow the claim. Petitioner then instituted a proceeding in mandamus in the district court of the county

against appellant, which resulted in the order from which this appeal is taken. The clerk of the board of county commissioners filed in the action in the justice's court a certain writing by which said commissioners sought to confess judgment in favor of plaintiff. It reads:

"In the Justice's Court of Hawthorne Township, County of Mineral, State of Nevada.
"Fred L. Wood, Plaintiff vs. Mineral County, a Political subdivision, et al, defendants.
"Confession of judgment.

"I, D. M. Buckingham, County Clerk of Mineral County, Nevada, and Clerk of the Board of County Commissioners for said county, by specific orders of the board of County Commissioners, hereby confess judgment herein in favor of Fred L. Wood, of Mineral County, Nevada, for the sum of forty-two and 90/100 dollars and cents, and a reasonable attorneys fee to be fixed by the court, by authority of said Board, and the the said Board (fin) that this confession of (D. M. B.) Judgment is for a debt justly due and owing to the said Fred L. Wood, arising upon the following facts: Mileage to Reno, Nevada, in the scope of his official duties.

"Dated: 29th day of October, A. D. 1932.

"[Signed]   D. M. Buckingham
"D. M. Buckingham,
"Clerk of said Board.

"[County Seal.]"

The following, omitting title of court and cause, is a copy of the judgment rendered in the justice's court:

"The case coming on regularly to be heard on the 29th day of October, 1932, and the plaintiff appearing in person and the defendants having heretofore filed a confession of judgment, and the same having been duly entered and confirmed by the court:   Whereupon, upon motion of plaintiff's attorney and consent heretofore filed by the Board of County Commissioners by and through a majority vote for and in behalf of Mineral County, as defendant herein, by and through its

clerk, D. M. Buckingham, entered judgment by default.

"It is therefore ordered, and this does hereby order that said plaintiff is awarded judgment by confession, and judgment against said defendant, Mineral County, in the sum of Forty-Two and 90/100 ($42.90) Dollars, together with the costs in the sum of $3.30, and a reasonable attorney's fee in the sum of $15.00, making a total of $61.20.

"Done in open court this 29th day of October, 1932.
"E. M. Ferrel, Justice of the Peace."

Appellant contends that the writ of mandate granted in this case is unauthorized because the judgment of the justice's court is void for lack of jurisdiction, and that no duty therefore rests upon her to draw her warrant upon the treasurer. She claims that the judgment is void, because it was rendered solely upon a confession of judgment against the county, which the board of county commissioners was without power to make.

1, 2. We think this contention must prevail. Whether county commissioners are without power to confess judgment for the county in any case we need not determine. Certainly they are without such power unless it is expressly granted or necessarily incidental for the purpose of carrying into effect some power so granted. Waitz v. Ormsby County, 1 Nev. 370; Sadler v. Board of Com'rs of Eureka County, 15 Nev. 39. However this may be, we are satisfied that they were without power to confess judgment in this case. Petitioner's claim, before it became embodied in the judgment, was never approved by the unanimous vote of the board, which is essential before it becomes the duty of the auditor to allow a claim previously disallowed by such officer. Section 1944, N. C. L. The claim, when originally presented to the county commissioners, was approved by only two of the commissioners, Summerfield and McInnis. Commissioner Wichman voted against its allowance. When it was returned to the commissioners after appellant refused to allow it, the

same majority of the board approved it, and Commissioner Wichman again voted against it. If the majority of the board of county commissioners were permitted to confess judgment as was attempted, they could accomplish by indirection what could not be done directly; that is, allow a claim against the county by a majority vote only after it had been vetoed by the auditor. Section 1944, N. C. L., as previously pointed out, requires a unanimous vote in such a case. A judgment based solely upon such a usurpation of power is void.

3. As will be seen from the judgment set out above, it has no basis except such attempted confession of judgment filed in the justice's court by the clerk of the board. It does not appear from the record that there was any service of summons in the action in the justice's court, nor was there any waiver of summons by appearance. If the filing of the paper purporting to be a confession of judgment by the clerk may be said to be an appearance authorized by the board, it was a special appearance only intended to give effect to an unauthorized power. It was therefore entirely ineffective to confer jurisdiction on the justice's court by a waiver of summons. This court said in State v. Bonner, 43 Nev. 95, 181 P. 586: "It will be seen from a perusal of the record of the justice of the peace that, so far as appears therefrom, no service of summons had been made upon either of the defendants at the time the judgment was rendered, nor is there in the files sent up by the justice of the peace the original summons showing service thereof; nor does the record show that the defendants appeared in the action. It is an ancient rule that nothing is presumed in favor of the jurisdiction of courts of limited jurisdiction. That such a court has jurisdiction must affirmatively appear; and, unless it does so appear, judgment by such a court is void for want of jurisdiction." See, also, McDonald v. Prescott & Clark, 2 Nev. 109, 90 Am. Dec. 517.

4, 5. The judgment of the justice of the peace in this case being void for want of jurisdiction, it is not

binding on anyone, and is subject to collateral attack. 34 C. J. pp. 509–528.  No duty rested upon appellant to draw her warrant for such a judgment, consequently the order of the district court was erroneous.

The order of the district court is reversed.